ANNIE R. JOHNSON AND WALTER JOHNSON vs. WILMINGTON AND NEW CASTLE ELECTRIC RAILWAY COMPANY.

### Sheriff's Return Set Aside—Practice.

1. Summons issued at the September Term, A. D. 1897, returnable thereto and regularly served upon the defendant corporation. The Sheriff failed to make his return to the said September Term but waited until two weeks after the adjournment thereof and then, of his own motion, made his return; *held*, that said return was irregular and it was ordered set aside.

2. The Sheriff permitted by the Court on petition filed, to make his return on said writ as of the September Term, A. D. 1897, of the Superior Court.

(*November 27, 1897.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.
*William S. Hilles* for plaintiffs.
*Peter L. Cooper, Jr.*, (Special appearance to make a motion.)

Superior Court, New Castle County, November Term, 1897, (No. 142, Sept. T. 1897.) A rule was obtained at the November

term by the defendant upon the plaintiff and the sheriff to show cause why the return of the sheriff in the above entitled cause should not be quashed and stricken from the record.

The defendant, by its President filed an affidavit alleging, among other things, the following:

"That on the 1th day of September, A. D. 1897, Annie R. Johnson and Walter Johnson, the plaintiffs, by and through their counsel William S. Hilles, Esq., caused a summons to be issued out of the Superior Court, the same being No. 80 to September Term, A. D. 1897, against the defendant and made returnable to the September Term, A. D. 1897.

That the said writ was not returned to the September Term as therein directed, but was in fact returned on or about October 18th, A. D. 1897, more than two weeks after said September Term had adjourned.

Your petitioner, therefore, prays a rule may issue against Annie R. Johnson and Walter Johnson, plaintiffs, and William R. Flinn, Sheriff of New Castle County, for them to appear and show cause, if any they have, why the said return should not be quashed and stricken from the Record."

(*Mr. Hilles* asked that the sheriff be allowed to amend his return, but the argument on the rule, being a preliminary step, was heard first.)

*Mr. Cooper*, having appeared specially for the purpose, moved that the sheriff's return be vacated, upon the state of facts disclosed by the above affidavit (which facts he substantiated by oral proof) and cited in support of his motion the following authorities:

*Alderson on Judicial Writs and Process, Sec. 188 and 191;
State vs. Rickard, 5 Harr., 146.*

*Mr. Hilles* contended that the defendant was not prejudiced in any way by the failure of the sheriff to strictly comply with the requirements of the service of the writ. That personal service was had upon Mr. Miller on September 16th, which was in ample time to give him notice of the fact that the suit was then pending in the Superior Court, and that thereby the purpose of the writ had been performed. That in cases in which the plain-

tiff in the execution has been the purchaser of property under a *Levari Facias*, the practice has always been that the sheriff had kept the execution until such time as the deed had been prepared and executed by him, and not to hand to the Prothonotary his *Levari Facias* with the return upon it on the first Tuesday of the term to which it was returnable. That he could do that at any time, and it had been done in some instances one or two terms after the return day of the writ.

*Alderson on Judicial Writs, Sec. 188–189 Notes; Cutler vs. Rathbone, 1 Hill (N. Y.), 204; Garlock vs. Ontario Bank, 1 Wendell, 288; Russell vs. Brooks, 27 Vermont, 640.*

After holding the matter under advisement until December 14th, 1897, the Court rendered the following decision:

SPRUANCE, J:—There are two applications in this case; one by the defendant to set aside the sheriff's return and another by the plaintiff for leave for the sheriff to amend his return.

The facts are these: A summons was issued to the September Term, 1897, which was regularly served. The sheriff did not make his return, as he ought to have done, at the September Term, but waited until some two weeks after the adjournment of the Court, before doing so.

The Court are unanimously of the opinion that the sheriff had no right to make the return in vacation, and we order that it be set aside.

But while we make that order, a majority of the Court will entertain a motion by the plaintiff to allow the sheriff to make his return now so as to conform to the facts. This is the first term after that to which the return should have been made; the rights of no third parties have intervened; there has been no judgment; and the plaintiff had his process regularly issued and the sheriff served it. We therefore do not think that the plaintiff should under the circumstances of this case lose the benefit of his process and of its service.

By the service of the writ the Court obtained jurisdiction of the defendant and he can suffer no injury by allowing the sheriff to do now what he should have done at the September Term.

*Mr. Hilles* stated that he would later have the sheriff's re-

turn in proper form before the Court and would move to make the return in that form.

*Mr. Cooper* then entered a general appearance.

On December 18th, Mr. Hilles on behalf of the sheriff, presented a petition asking to be permitted to make the proper return, upon which motion the Court made the following order: " And now, to wit, this eighteenth day of December, A. D. 1897, the foregoing petition being read and considered, it is ordered by the Court that the said sheriff be permitted to make the return on the said writ as in the petition mentioned as of the September Term, A. D. 1897, of this Court."

LORE, C. J., dissented from the latter decision.