BERNICE CASTELLINE and THERESA N. CONSTANTINE, Plaintiffs Below, Appellants, v. GOLDFINE TRUCK RENTAL SERVICE, a partnership, REUBEN GOLDFINE, STANLEY GOLDFINE & LEONARD GOLDFINE: PHILADELPHIA NOTION & NOVELTY CO., a corporation of the State of Pennsylvania, and JERRY P. LANE, Defendants Below, Appellees.

(*March* 25, 1955.)

SOUTHERLAND, Chief Justice, WOLCOTT and BRAMHALL, Justices, sitting.

*Aubrey B. Lank* and *Paul R. Rinard* for appellants.

*Stewart Lynch* and *Alfred R. Fraczkowski* for appellees.

Supreme Court of the State of Delaware, No. 26, 1954.

WOLCOTT, J.:

The ultimate question presented for decision by this appeal is the.constitutionality of 10 *Del. C.* § 3112, which purports to provide a means by which a non-resident motorist, using Delaware highways, may be subjected to suit in a Delaware court on a cause of action growing out of an accident occurring within Delaware, in which the motor vehicle of the non-resident was in-

volved. The court below held that the statute was unconstitutional as a violation of the due process clause of the 14th Amendment of the Federal Constitution. 107 *A*. 2d 915. It, accordingly, quashed the service and dismissed the complaint.

The precise factual situation of the cause is not important to the determination of this appeal. It will suffice to state that the plaintiffs were injured as a result of an accident occurring within Delaware, brought suit against the non-residents whose motor vehicle was involved in the accident, and complied with the provisions of 10 *Del. C.* § 3112 thinking thereby to obtain valid service upon the non-resident defendants.

10 *Del. C.* § 3112 was enacted on February 12, 1953 as a part of a complete revision and codification of the general statutes of Delaware. The revision now appearing as § 3112 effected some changes in the prior law which, theretofore, appeared as 1935 *Code,* § 4590. This court, however, held in *Monacelli v. Grimes,* 9 *Terry* 122, 99 *A*. 2d 255, 256, that by the adoption of the *Code of* 1953 the changes in 1935 *Code,* § 4590, effected by 10 *Del. C.* § 3112 had been enacted into law. It is these changes which give rise to the present question.

10 *Del. C.* § 3112, in order to provide a means to sue a non-resident motorist in the courts of Delaware, follows the pattern of comparable statutes in other states—that is, it is provided that by his use of Delaware highways a non-resident shall thereby be deemed to have appointed the Secretary of State of Delaware as his agent for the acceptance of service of process in any civil action growing out of an accident in which the motor vehicle of the non-resident is involved. This method of obtaining service, as distinguished from the giving of notice of the pendency of litigation, has been held valid as a legitimate exercise by the states of their police power, provided the other requirements of due process of law are met. *Hess v. Pawloski,* 274 *U. S.* 352, 47 *S. Ct.* 632, 71 *L. Ed.* 1091. This fiction was also followed in 1935 *Code,* § 4590, but with respect to the provision requiring the giving of notice changes were made by the revision of 1953.

The following changes of concern to us in this appeal were made by the codification of 1953:

(1) The former law required that service upon the Secretary of State be made and return thereof filed before notice of the pendency of the action be sent by registered mail to the non-resident, whereas under the present statute notice by registered mail of the pendency of the action must now be sent to the non-resident "not later than the day following the commencement of the action".

(2) The former law required that notice to the non-resident inform him that service of process had been completed on the Secretary of State, whereas the present statute requires that such notice be a statement that service has been or will soon be made on the Secretary of State.

There are other matters of difference between the present and prior law but with them we are not concerned. The court below based its holding of unconstitutionality as a violation of Federal due process upon the two provisions concerning the required notice to be sent the non-resident referred to above.

The appellants contend that 10 *Del. C.* § 3112 satisfies the requirements of Federal due process because the jurisdiction of Delaware courts over a non-resident motorist using her highways arises from the mere fact of using the highways, and that the only requirement necessary to enforcement of that jurisdiction is that adequate notice of the pendency of an action and an opportunity to appear and defend be given the non-resident. Thus, argue the appellants, the issuance and service of a summons upon the Secretary of State is a superfluous and formal act only.

The appellees contend that jurisdiction over persons can be acquired by Delaware courts solely by the issuance and service of a summons, and that the giving of notice is not the service of judicial process. Hence, it is argued, the notice provided for by § 3112 is, as a matter of law, notice of nothing, for at the time it is given the Delaware court has acquired no jurisdiction over

the person of the non-resident. Appellees further contend that § 3112 violates the equal protection of the laws clause of the Federal Constitution because it discriminates against non-residents by subjecting them to suit by the mere giving of notice, whereas in the case of Delaware residents basic law requires the issuance and service of process upon them.

We think it a fundamental tenet of the law of Delaware, as it was of the common law, that *in personam* jurisdiction can be acquired by a court solely by the proper service of process, either actual or constructive. *Woolley on Del. Practice*, § 164; *McCoy v. Hickman*, 1 *Terry* 587, 15 *A.* 2d 427. However, if the provisions of 10 *Del. C.* § 3112 are followed, this requirement will be met by ultimate service of process upon the statutory agent of the non-resident. If such service is never obtained, a judgment entered in the cause would be a nullity. The service of process upon the Secretary of State in actions of this type may well be a purely formal act, as appellants suggest, but nonetheless it is necessary, for it is the only means available to a Delaware court to enforce its jurisdiction. We recognize that we approach the realm of fiction in requiring formal service upon a statutorily appointed agent, but since our courts may proceed *in personam* only after service of process, and since the state's process cannot run beyond its boundaries, the fiction may be utilized to permit the state to exercise its admitted police power over its highways. *Hendrick v. State of Maryland*, 235 *U. S.* 610, 35 *S. Ct.* 140, 59 *L. Ed.* 385; *Kane v. State of New Jersey*, 242 *U. S.* 160, 37 *S. Ct.* 30, 61 *L. Ed.* 222; *Hess v. Pawloski, supra.*

This, we think, is sufficient answer to appellants' argument that *in personam* jurisdiction is automatically acquired over non-residents and that it may be enforced by merely giving notice that an action has been commenced. This, however, does not dispose of the entire question before us.

The real question presented in this appeal is whether or not the requirements of Federal due process are satisfied by the notice provisions of 10 *Del. C.* § 3112. The court below held that

they are not, and that consequently, the act was unconstitutional. This ruling was based upon the conception that the requirements of Federal due process can be met only by a statutory direction that notice be given the non-resident of the fact that service of process had been completed upon his agent and that thereby a Delaware court has acquired jurisdiction over him. We think this ruling laid undue emphasis upon the fiction of service upon a statutory agent designed to fit the procedure into "pre-existing modes of analysis", and to permit a state in the exercise of its police powers to follow beyond its boundaries a non-resident who has allegedly committed a tort upon its highways.

It is obvious that service of process upon the Secretary of State of Delaware does not give any notice to the non-resident at all, since no duty is placed upon the Secretary of State to send to the non-resident any word of what has been served upon him. As a practical means of giving notice, therefore, this particular requirement of the statute is of absolutely no efficacy. It is, in fact, precisely what it is recognized to be—a fictive rationalization to fit a modern problem into ancient concepts.

The important safeguard which statutes, such as the one before us now, must contain is a scheme of procedure which will make reasonably certain that the non-resident defendant receives notice of the fact that he has been sued, and which insures that he have a fair opportunity to defend against the action. It is true that in the pronouncements of the Supreme Court of the United States laying down the requirements of due process of law with respect to actions of this type, the Court has spoken in terms of notice of the service of process upon an agent of the non-resident impliedly appointed by the mere use by the non-resident of the state's highways, but the reason for this is clear— all of the statutes which have been before the Court have so required, as did the Delaware statute prior to the revision of law which has brought forth the question now before us. *Cf. Hess v. Pawloski, supra,* and *Wuchter v. Pizzutti,* 276 *U. S.* 13, 48 *S. Ct.* 259, 262, 72 *L. Ed.* 446. However, the precise question

now before us, *viz.*, whether the requirements of due process are satisfied by a provision that the notice to the non-resident be sent prior to actual service upon the pretended agent, has not as yet been passed upon.

It seems apparent to us that the concern of Federal due process is with the notice the statute requires the plaintiff to send to the non-resident, rather than with the technical requirements of service of process upon an agent within the state itself, which, as in Delaware, may be technically requisite to the ultimate enforcement of the state's jurisdiction over the non-resident. We think this conclusion is supported by the language of the opinions of the Supreme Court of the United States in passing upon statutes of this type. Thus, Mr. Chief Justice Taft, in *Wuchter v. Pizzutti, supra*, said that the authorities indicate a general trend toward sustaining such statutes "if the statutory provisions in themselves indicate that there is reasonable probability that if the statutes are complied with, the defendant will receive actual notice". In the cited case a New Jersey statute was held unconstitutional because its provisions did not provide a scheme for the giving of notice to a non-resident defendant, "such as to create reasonable probability that he would be made aware of the bringing of the suit."

As recently as 1953, in *Olberding v. Illinois Cent. Ry. Co.*, 346 *U. S.* 338, 74 *S. Ct.* 83, 85, 98 *L. Ed.* 39, Mr. Justice Frankfurter, speaking for the Court, stated the rule as follows:

"The potentialities of damage by a motorist, in a population as mobile as ours, are such that those whom he injures must have opportunities of redress against him provided only that he is afforded an opportunity to defend himself. We have held that this is a fair rule of law as between a resident injured party (for whose protection these statutes are primarily intended) and a non-resident motorist, and that the requirements of due process are therefore met."

▬

See, also, *Kilpatrick v. Texas & P. Ry. Co.*, 2 *Cir.*, 166 *F.* 2d 788; *Grote v. Rogers*, 158 *Md.* 685, 149 *A.* 547, and *Brammall v. La Rose*, 105 *Vt.* 345, 165 *A.* 916.

■ We think, therefore, that the fundamental requirement of due process of law is that the non-resident motorist be assured by the statute that he will in reasonable probability receive notice of the pendency of the action against him and that he be given an opportunity to defend the action. To comply with this requirement, it is not necessary, we think, that he be notified that in fact formalistic gestures have been completed. It is sufficient if he is given notice that an action has been instituted against him.

■ The most favorable position that can be taken toward the argument of the appellees in support of the ruling below is that this concept of due process is doubtful, because it has never been precisely announced by the Supreme Court of the United States. However, we do not entertain this doubt, and even if we did, we would be bound to resolve that doubt in favor of the constitutionality of the statute. *Klein v. National Pressure Cooker Co.*, 31 *Del. Ch.* 459, 64 *A.* 2d 529.

The statute requires the plaintiff, not later than the day following the commencement of the action, to send to the nonresident by registered mail a copy of the process and notice that service of the original has been or will soon be made upon the Secretary of State, and further requires the plaintiff to file in the action the defendant's return receipt and proof of mailing of the notice within ten days of receipt by the plaintiff of the non-resident's return receipt. The statute further directs the court in which the action is pending to order such continuance as may be required to permit the non-resident opportunity to defend the action.

■ We think these statutory directions adequately comply with the requirement of due process that the non-resident be given notice of the pendency of the action against him, and that

he be afforded an opportunity to defend himself. Accordingly, in our opinion, the statute is constitutional under the 14th Amendment.

The appellees also argue that the ruling of unconstitutionality should be sustained as a violation of the equal protection of the laws provision of the Federal Constitution. The argument is that since a Delaware resident may be sued in a Delaware court in an action *in personam* solely through service of a summons upon him, the statute discriminates against non-residents in permitting suit against them merely by the giving of notice. However, as we have pointed out, actual service of a summons upon the non-resident's statutory agent must be accomplished before the cause can validly proceed to judgment. In view of this, we think both resident and non-resident are treated impartially. The only difference is as to the type of notice given —in the case of a resident, the notice is given by service of process; in the case of a non-resident, the notice is given by registered mail.

For the foregoing reasons, the judgment below is reversed, and the cause is remanded with instructions to vacate the order dismissing the complaint.