WILLIE MAE LIGHTBURN, Plaintiff, v. DELAWARE POWER & LIGHT COMPANY, a Delaware corporation, EDWARD F. LA FOND, DELAWARE COACH COMPANY, a Delaware corporation, EDWARD GAGNON, BELL TELEPHONE COMPANY OF PENNSYLVANIA, a Pennsylvania corporation, HAROLD B. SHORT, THE DIAMOND STATE TELEPHONE COMPANY, a Delaware corporation,

and

THE HONORABLE WILLIAM J. STOREY, Associate Judge of the Superior Court of the State of Delaware, and THE HONOR-

ABLE CHARLES L. TERRY, JR., President Judge of the Superior Court of the State of Delaware, Defendants.

(*March* 24, 1960.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*Henry A. Wise, Jr.* (of Wise and Suddard) for the plaintiff.

*Louis J. Finger* (of Richards, Layton and Finger) for resident defendants Delaware Power and Light Company, Delaware Coach Company, Edward Gagnon and Edward F. La Fond.

*C. W. Berl, Jr.* (of Berl, Potter and Anderson) for defendant Bell Telephone Company of Pennsylvania and Harold B. Short; and for the Honorable Charles L. Terry, Jr., and the Honorable William J. Storey.

Supreme Court of the State of Delaware, No. 73, 1959.

SOUTHERLAND, C. J.:

Plaintiff Lightburn brought suit in the court below against several defendants to recover for injuries received in a collision involving three motor vehicles. Two of the defendants, Bell Telephone Company and Harold B. Short, are non-residents. Service was made by registered mail, under the provisions of the Non-Resident Motor Vehicle Statute. 10 *Del. C.* § 3112. Paragraph (b) of the statute requires the plaintiff to file in the action an affidavit of service, with the return receipt of defendant, if defendant has received the notice by mail. This affidavit must be filed "within ten days of the receiving by or on behalf of the plaintiff from the postal authorities of * * * the defendant's return receipt * * *."

The registered letters were received by the defendants August 13, 1958. The required affidavit, with the return receipts, was filed on September 3, 1958. At some time between these dates the receipts were delivered to the office of plaintiff's attorney and placed in the file of the case. They did not come to the personal attention of the attorney until September 2d.

The non-resident defendants moved to quash the service on the ground that the ten-day requirement had not been complied with. Plaintiff under Rule 6(b), *Del. C. Ann.*, then moved for an order enlarging the time for filing the proof of service. This rule permits the enlargement of the time where the failure to act was the result of excusable neglect. The trial judge denied the motion and quashed the service. He was of opinion that the

statute must be strictly construed, and that the case of *Syracuse Trust Co. v. Keller*, 5 *W. W. Harr.* 304, 165 *A.* 327 ruled the question. He evidently took the view that he was without power to enlarge the term fixed by the statute.

Implicit in his holding, necessarily, was a finding that the affidavit of service was not filed within the prescribed period of ten days.

Plaintiff makes an argument to the effect that the defendants were under a duty to prove that he had personally received the return receipt at a time more than ten days prior to the filing of the affidavit. We do not agree with this contention since the presumption of reasonably prompt mail delivery from Philadelphia to Wilmington was not overthrown.

Plaintiff has filed with us a petition for a writ of mandamus directing the Superior Court to proceed with the case, on the ground that it has erroneously declined to take jurisdiction.

The first question is whether mandamus is an available remedy.

The function of the writ of mandamus in this State is governed by the principles of the common law. *State ex rel. Lyons v. McDowell*, 5 *Terry* (44 *Del.*) 134, 150, 57 *A.* 2d 94. At common law mandamus was the accepted remedy to compel a lower court to take jurisdiction in a case in which it had erroneously declined jurisdiction. *The King v. The Justices of Kent*, 14 *East* 395, 104 *Eng. Rep.* 653 (erroneous refusal to hear application to fix wages under statute); *The King v. The Justices of Cumerland*, 4 *Ad. & E.* 695, 111 *Eng. Rep.* 949. It is applicable to a case in which the lower court has erroneously quashed a summons against a defendant. *Ex parte Connaway*, 178 *U. S.* 421, 20 *S. Ct.* 951, 953, 44 *L. Ed.* 1134. Mr. Justice McKenna said: "The court declined to make him [the defendant] a party on the ground that it had no jurisdiction to do so. If it has jurisdiction, mandamus is the proper remedy."

The principle is applicable here. This is not a case in which plaintiff seeks to control the discretion of the lower court. The question is whether, by the service of the registered letters, the court acquired jurisdiction.

Moreover, plaintiff has no other remedy. It is clear that the order below is not a final judgment. At common law a judgment dismissing the action against one of several defendants jointly liable was not a final judgment. *Hohorst v. Hamburg-American Packet Co.*, 148 *U. S.* 262, 13 *S. Ct.* 590, 37 *L. Ed.* 443; *Moore's Federal Practice* § 54.19. Rule 54(b) does not in itself make such an order a final judgment. *Cf. Moore, op. cit.* § 54.20.

Defendants argue that the judgment is final and hence appealable because the statute of limitations has run, so that a new suit cannot be commenced. We do not think that the finality or non-finality of a judgment should turn on this circumstance. The question turns on the nature of the judgment.

Defendants argue, alternatively, that plaintiff may proceed with the suit to final judgment and then appeal. As the Supreme Court said in the Connaway case: "final judgment against whom?". The defendants would not be parties to such a judgment.

In our opinion, not only is the judgment non-appealable, but plaintiff is without remedy unless mandamus will lie. This case is to be distinguished from *Adair v. Pennewill*, 4 *W. W. Harr.* (34 *Del.*) 390, 153 *A.* 859, and *Williams v. Marvel, Del.* 1960, 158 *A.* 2d 486. In each of these cases there was a remedy by writ of error or appeal after final judgment.

Defendants advance the additional argument that plaintiff has been guilty of laches because the petition was not filed here until 33 days after the entry of the Superior Court's order. We do not think the delay so unreasonable as to constitute laches. Defendants concede that they have suffered no prejudice.

In our opinion this defense is without substance.

We turn to the merits.

The question is a narrow one. Is the ten-day requirement for filing the affidavit and return receipt so necessary a part of the process that a delay in filing it deprives the court of jurisdiction over the non-resident?

The trial judge in effect held that it was, invoking the rule of strict construction of the statute laid down in a series of decisions of the Superior Court. *Felstead v. Eastern Shore Express Inc.*, 5 *W. W. Harr.* (35 *Del.*) 171, 160 *A.* 910; *Syracuse Trust Co. v. Keller*, 5 *W. W. Harr.* (35 *Del.*) 304, 165 *A.* 327; *Webb Packing Co. v. Harmon*, 9 *W. W. Harr* (39 *Del.*) 22, 196 *A.* 158; *McLean Trucking Co. v. Storr*, 8 *Terry* (47 *Del.*) 110, 87 *A.* 2d 879; *Weir v. DeVine*, 9 *Terry* (48 *Del.*) 102, 98 *A.* 2d 778. These cases hold that the provisions of the statute relating to substituted service must be strictly construed, and the requirements must be strictly complied with.

This Court has in recent years announced some relaxation of the rule that statutes "in derogation of the common law" must be "strictly construed", believing that the rule has in some cases been so rigidly applied as to run counter to the fundamental principle that the intention of the legislature must always be given effect. See *Blaustein v. Standard Oil Co.*, 4 *Terry* (43 *Del.*) 449, 49 *A.* 2d 726 (foreign attachment statute); *Warner Co. v. Leedom Construction Co.*, 9 *Terry* (48 *Del.*) 58, 97 *A.* 2d 884 (mechanic's lien statute); and *cf. Kohanovich v. Youree*, *Del.* 147 *A.* 2d 655 (non-resident motor vehicle statute applies to accident on parking lot adjoining highway, if use incidental to use of highway).

It is unnecessary for us to consider whether the Superior Court cases above cited were correctly decided. This is because each of these cases dealt with a defect in the *service* of the process, as distinguished from the *return of proof of serv-*

*ice* of such process. Certainly the provisions of the statute designed to insure due process of law to the defendant must be substantially, if not strictly, complied with. But due process is satisfied if the notice by registered mail is given and received (or refused). *Castelline v. Goldfine Truck Rental Service,* 10 *Terry* (49 *Del.*) 155, 112 *A.* 2d 840. Admittedly, in the case at bar such notice was given and received. The Superior Court cases all deal with cases in which the notice was defective, whether because of failure of the defendant to receive the notice, or because it was insufficient in content, or because it was given too late. This is the first case involving only the time of making proof of the notice.

We are of opinion that the proof of service is no part of the service itself. Certainly it is no part of the federal requirement of due process. *Castelline v. Goldfine, etc., supra.* The filing of the affidavit is analogous to a sheriff's return of personal service, which, if not filed on the time specified, may by court order be filed later. *Johnson v. Wilmington & N. C. El. Ry. Co.,* 1 *Penn.* 87, 39 *A.* 777.

In *Nelson v. District Court,* 136 *Colo.* 467, 320 *P.* 2d 959, 962, the Supreme Court of Colorado held that under the Colorado Non-Resident Motor Vehicle Statute the court acquired jurisdiction of the defendant when the provisions for service had been complied with. The court said:

"Bearing in mind the purpose of the summons and complaint and the service thereof, we conclude that on completion of service on the Secretary of State and the payment of the fee, and the mailing by registered mail and delivery outside of Colorado by the Post Office Department to the defendant of an envelope in which is contained a copy of the complaint and summons, together with notice that the Secretary of State has been served, and obtaining from defendant a registry receipt showing receipt thereof by defendant, completes the service. As of

that time defendant becomes subject to the jurisdiction of the court.

\* \* \* \* \* \*

"It is the process and service thereof that confers jurisdiction. The return is no part of the service, but evidence only of such service."

We agree with this construction of the statute. It finds further support in Rule 4(g) of the Superior Court rules, which provides in part:

"Failure to make a return of proof of service shall not affect the validity of service."

Despite defendants' argument to the contrary, we see no reason why this rule does not apply to substituted service as well as to personal service, absent special circumstances not here present. *Hale v. Morgan Packing Co., D. C.*, 91 *F. Supp.* 11, 12.

We think, therefore, that when the defendants received the process and the plaintiff obtained their receipts therefor the Superior Court acquired jurisdiction.

█ It follows that the Superior Court, having acquired jurisdiction over the defendants, had the power to entertain an application under Rule 6(b) to enlarge the time for filing the affidavit. To obtain such an order plaintiff, having let the time go by, must show excusable neglect. This question we have no power to decide in a mandamus proceeding, for it requires an exercise of discretion by the trial judge. The case must go back for a hearing on this question.

The writ of mandamus will issue, directing the Superior Court to vacate the order quashing the return and to proceed to a hearing upon plaintiff's motion to enlarge the time for proof of service.