NORTHUMBERLAND INSURANCE CO., Ltd., a corporation of the State of New South Wales, Australia, and Stratford Insurance, Inc., a corporation of the State of Delaware, Plaintiffs Below, Appellants,

v.

Nathan WOLFSON; William Emmons; James B. Thompson; Thomas J. Sherman; Interstate Reporting Service, Inc., a corporation of the State of Pennsylvania; United States Motors Corp., a corporation of the State of Delaware; Concord Auto Centre, Inc., a corporation of the State of Delaware; Newark Auto Exchange, a corporation of the State of Delaware; General and Mercantile Underwriters Agency Corp., a corporation of the State of Missouri, Defendants Below, Appellees.

Supreme Court of Delaware.

Sept. 25, 1968.

William J. Wier, Jr., of Connolly, Bove & Lodge, Wilmington, for plaintiffs below, appellants.

Clement C. Wood, of Allmond & Wood, Wilmington, for General and Mercantile Underwriters Agency Corp., defendant below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

PER CURIAM:

This is an appeal from an order of the Court of Chancery quashing service upon the appellee of summons, complaint, notice of deposition and subpoena duces tecum. The appellee has moved to dismiss the appeal.

The appellee asks for a preliminary hearing on its motion to dismiss the appeal, stating that the order below obviously is not an appealable one under Lightburn v. Delaware Power & Light Co., 2 Storey 415, 158 A.2d 919 (1960). We disagree.

■ The *Lightburn* case is not dispositive of the motion. That appeal, apparently taken before certain interlocutory orders of the Superior Court were made appealable,* dealt with the appealability of a judgment of that Court which was found not to be a final judgment. In the instant appeal, the

---

* Del.Const. Art. 4, § 11(1) (a), Del.C. Ann., as amended effective March 23, 1960, provides:

"§ 11. Jurisdiction of Supreme Court
"Section 11. The Supreme Court shall have jurisdiction as follows:
"(1) (a) To receive appeals from the Superior Court in civil causes and to determine finally all matters of appeal in the interlocutory or final judgments and other proceedings of said Superior Court in civil causes: Provided that on appeal from a verdict of a jury, the findings of the jury, if supported by evidence, shall be conclusive."

order below may be appealable though found to be interlocutory, if substantial legal rights are determined. Compare Wagner v. Shanks, Del., 194 A.2d 701 (1963).

The appealability of an interlocutory order (if this be one) is best considered in the light of all of the issues raised by the appeal. Moreover, it has not been shown that the briefing of the merits of the appeal simultaneously with the motion to dismiss will cause undue hardship or expense.

These considerations, added to the general reluctance of the Court to fragment the presentation of an appeal, lead to the conclusion that the appellee's application for separate briefing and argument of the motion must be denied.

