**Ernest PURNELL and Yolanda Purnell, his wife, Plaintiffs,**

v.

**Alfred DODMAN and Frances Dodman, his wife, Defendants.**

Superior Court of Delaware, New Castle.

Oct. 12, 1972.

Arthur, Inden, William F. Taylor, Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiffs.

F. Alton Tybout, Stephen P. Casarino, Tybout, Redfearn & Schnee, Wilmington, for defendants.

OPINION

WALSH, Judge.

This is an action for personal injuries arising out of an automobile accident which occurred on August 31, 1968. The defendants are non-residents and service of process was attempted under the provisions of 10 Del.C. § 3112. Defendants have moved to quash that service on the ground that plaintiffs failed to comply with the mandatory provisions of the statute and as a result, not only is the service defective but the claim now barred by the Statute of Limitations.

The chronology underlying the issue of effective service is as follows:

Following the accident the plaintiffs consulted a local attorney[1] who secured a police report which noted the address of the defendants as "1894 Stuyvesant Avenue, East Meadow, New York." During the next several months plaintiffs' original counsel was in active contact with the insurance carrier for the defendants. Efforts to settle the case were apparently fruitless and plaintiffs filed their complaint in this Court on July 8, 1970, with a direction to the Prothonotary to proceed under the non-resident motor vehicle statute to effect service upon the Secretary of State. The address listed in the complaint was that shown on the accident report. The Secretary of State was served and registered letters were mailed by original counsel on July 15, 1970 directed to defendants at their last known address. These letters were forwarded to a later address of defendants in Oak Bluff, Massachusetts, after which they were returned to original counsel by the postal department with the indication that no further forwarding address was known. The return of these letters to plaintiffs' original counsel occurred on August 18, 1970, and his action or non-

action since that date creates the issue in this case. Much of what occurred thereafter is to be gleaned from the affidavits executed by plaintiffs' original counsel.

He asserts that upon return of the requested letters he contacted the claims manager of defendants' insurance carrier in an effort to secure a new address for the defendants and was advised "don't worry about service" and that a new address would be supplied to him. He further alleges that between September 14, 1970 and March 3, 1971, by letter, by telephone and by personal visit he discussed with the claims manager of defendants' carrier the prospect of settling the claim and/or securing a current address on the defendants. Apparently through his own efforts original counsel learned that the defendants were residing in Vienna, Austria. As a result on April 27, 1971, approximately 8 months after the filing of the complaint plaintiffs sent separate registered letters to the defendants at their Vienna address and secured receipts therefor.

On May 20, 1971, defendants entered their appearance through counsel, filed an Answer raising the affirmative defenses of improper process and statute of limitations. On the following day, May 21, plaintiffs' original counsel filed two affidavits purporting to comply with Section 3112(e). The first affidavit, dated September 22, 1970, recited the return of the original registered letters and attached copies. The second affidavit, dated May 19, 1971, dealt with the successful effort to provide notice relative to the April 27, 1971 letters.

The pertinent legislative basis for non-resident service is set forth in 10 Del.C. § 3112(b) as follows:

"(b) Service of the legal process provided for in this section with the fee of $2, shall be made upon the Secretary of State of this State in the same manner

---

1. Plaintiffs' original counsel represented them at all times prior to the filing of defendants' answer and motion to dismiss. Since that time plaintiffs have been represented by other counsel. Earlier counsel will be referred to hereinafter as "original counsel".

as is provided by law for service of writs of summons, and when so made shall be as effectual to all intents and purposes as if made personally upon the defendant within this State; provided, that not later than seven days following the filing of the return of services of process in the Court in which the civil action is commenced or following the filing with the Court of the proof of the non-receipt of notice provided for in subsection (e) of this section, the plaintiff or a person acting in his behalf shall send by registered mail to the non-resident defendant, or to his executor or administrator, a notice consisting of a copy of the process and complaint served upon the Secretary of State and the statement that service of the original of such process has been made upon the Secretary of State of this State, and that under the provisions of this section such service is as effectual to all intents and purposes as if it had been made upon such non-resident personally within this State."

The proof of service for non-receipt as required by § 3112(e) is set forth in the following language.:

"(e) The plaintiff or his counsel of record in the action may within seven days following the return of any undelivered notice mailed in accordance with the provisions of paragraph (b) of this section other than a notice, delivery of which is shown by the notation of the postal authorities on the original envelope to have been refused by the defendant or his agent, file with the court in which the civil action is commenced proof of the non-receipt of the notice by the defendant or his agent, which proof shall consist of the usual receipt given by the post office at the time of mailing to the person mailing the registered article containing the notice, the original envelope of the undelivered registered article, and an affidavit made by or on behalf of plaintiff specifying (1) the date upon which the envelope containing the

notice was mailed by registered mail, (2) the date upon which the envelope containing the notice was retained to the sender, (3) that the notice provided for in paragraph (b) of this section was contained in the envelope at the time he was mailed, and (4) that the receipt, obtained at the time of mailing by the person mailing the envelope containing the notice, is the receipt filed with the affidavit."

Defendants' attack on the procedure to obtain service is two fold. First they claim that plaintiffs failure to file proof of non-receipt in accordance with provisions of 3112(b) creates a jurisdictional barrier which precludes judicial relief to cure the admitted error of non-compliance. Defendants next argue that plaintiffs' failure to activate the judicial machinery in an eight-month period following the filing of the complaint, constituted a hiatus which had the effect of terminating the proceedings. In either event, defendants claim, any attempt to reactivate the claim was effectively barred by the statute of limitations.

This matter was briefed and argued by counsel under the impression that the affidavit of non-receipt of the first mailing had never been filed with the Prothonotary. It developed at oral argument that the September 22, 1970 affidavit of plaintiffs' original counsel, in fact, had been filed on the same day as the second affidavit. Defendants counter, however, that such a filing was beyond the ten-day period imposed by Rule 4(h) and, since leave of Court for a late filing had not been obtained, this Court should ignore the presence of these affidavits. Plaintiffs assert that the late filing was a result of inadvertence and the Court should enlarge the time for the filing under Rule 6(b).

The genesis of statutes enlarging the ability of a plaintiff to secure jurisdiction over a non-resident defendant in claims arising out of motor vehicle accidents lies

in the efforts by the States to provide a remedy to persons using its highways against other persons not normally subject to the amenability of its Courts. These "long arm" statutes represent a legitimate response to the problem of fleeting contact between residents of different states and have withstood constitutional attack. Castelline v. Goldfine Truck Rental Service, Del.Supr., 10 Terry 155, 112 A.2d 840 (1955). Originally the Delaware act required actual notice to be received by the defendant in order for jurisdiction to attach. In 1958, § 3112(b) was amended to permit "proof of non-receipt of notice" as a basis for jurisdiction as long as statutory compliance was complete.

In *Castelline* our Supreme Court in upholding the constitutionality of § 3112 emphasized the necessity for compliance with the notice giving elements of the statute in order that the defendant "be afforded an opportunity to defend himself." The Court's concern with the opportunity of the defendant to contest the action underscores one purpose of the statute—that the defendant not be prejudiced through lack of notice. In Lightburn v. Delaware Power and Light Co., Del.Super., 2 Storey 415, 158 A.2d 919 (1960), the Court declared non-jurisdictional the lateness of plaintiff's proof of such notice where it was clear that the giving of notice resulted in the appearance of the defendant. In Swift v. Leasure, Del.Super. 285 A.2d 428 (1971), Judge O'Hara extended the concept of effective service to include the mere giving of notice (even if not received) so long as the statutory scheme was followed.

■ The synthesis of these decisions compels the conclusion that the purpose of the statute will not be frustrated by failure to comply with the niceties of the statutory plan as long as jurisdictional requirements are met and the defendant is not prejudiced by delay. While judicial construction of the statute should be approached with a view toward accomplishing its purpose, the Court has no power to enlarge statutory time or excuse non-compliance with jurisdictional norms.

■ There appear to be two ways to proceed under § 3112(b) depending upon the result of the mailing of notice. Both procedures begin in the same fashion, *viz.*, service upon the Secretary of State and the mailing of notice to the nonresident defendant within seven days after the return of the Secretary of State's service. Plaintiffs' next action depends upon whether the notice by registered letter is received, refused or not received. If the letter is received or refused, the plaintiff must proceed to file his return receipt accompanied by the appropriate affidavit within the time period imposed by Superior Court Rule 4(h). The *Lightburn* case dealt only with that situation and the lateness of the plaintiff in filing his affidavit of proof of service was treated as non-jurisdictional because the Court had authority to enlarge the time for filing.

A second course is mandated by statute in the event of non-receipt of the notice. In this situation it is assumed that the plaintiff has already complied with the first mailing required by § 3112(b), i. e. the mailing which follows the return of service on the Secretary of State. Once the plaintiff becomes aware that his initial notice has not been received he may elect to prove non-receipt by filing a § 3112(e) affidavit but subjects himself to the alternate procedure set forth in § 3112(b) which requires the sending of a notice to the defendant:

"Not later than seven days following * * * the filing with the Court of the proof of the non-receipt of notice provided for in subsection (e) of this section . . ."

This seven day period is statutory and not subject to enlargement by rule of Court. Thus, in a non-receipt situation the plaintiff is actually required to make two mail-

ings to the defendant in order to effectuate his jurisdictional notice.

Plaintiffs claim that the delay in filing the § 3112(e) affidavit was occasioned by the failure of the defendant to maintain a proper forwarding address and in any event plaintiffs' original counsel attempted unsuccessfully to secure a new address or at least provide the carrier with notice of the filing of suit.[2] The flaw in plaintiffs' argument is that even if the Court were inclined to permit the filing, *nunc pro tunc*, of the affidavits filed on May 21, 1971, plaintiffs would nevertheless be unable to comply with the statutory requirement of notice given within the following seven days. Absent such compliance plaintiffs have not secured effective service. There is no judicial cure for this defect. Accordingly, defendants' motion to quash service must be granted.

It follows, of course, that if the Court has not acquired jurisdiction of this matter through the filing of complaint and the securing of effective service upon the defendants within the period of the statute of limitations, this action cannot thereafter be pursued. Russell v. Olmedo, Del.Supr., 275 A.2d 249 (1971).

The decision in this case is unfortunate since it results in the dismissal of an otherwise meritorious cause of action but the Court has no authority to vary the terms of a statute of clear meaning or ignore mandatory provisions to avoid such a result. Defendants' motion to dismiss must be granted.

It is so ordered.

2. Plaintiffs' original counsel filed an additional affidavit in this case which he set forth at some length his efforts to secure a new address for the defendants between September, 1970 and April, 1971 through his contact with two representatives of defendants' insurance carrier. These individuals filed counter affidavits in which they deny any such conversations or receipt of any correspondence from plaintiffs' original counsel after the complaint was filed.