Ronald GRIFFIN et al., Plaintiffs Below, Appellants,

v.

Howard Frank GRANGER, Defendant Below, Appellee.

Supreme Court of Delaware.

May 7, 1973.

James J. Horgan and Jack R. Salley, Wilmington, for plaintiffs below, appellants.

C. Waggaman Berl, Jr., of Booker, Green, Shaffer, Berl & Wise, Wilmington, for defendant below, appellee.

1. 10 Del.C. § 3112 provides in pertinent part:

"§ 3112. Service of process on non-resident operators of motor vehicles

"(a) Any non-resident owner, operator or driver of any motor vehicle, who accepts the privilege extended by law to non-residents of this State to operate or drive such motor vehicles on the public streets, roads, turnpikes or highways of this State by operating or driving such motor vehicle or by having the same operated or driven on any public street, road, turnpike or highway of this State shall by such acceptance of the privilege be deemed thereby to have appointed and constituted the Secretary of State of this State, his agent for the acceptance of legal process in any civil action against such nonresident owner, operator or driver arising or growing out of any accident or collision occurring within this State in which such motor vehicle is involved. The acceptance shall be a signification of the agreement of such non-resident that any such process when so served shall be of the same legal force and validity as if served upon such non-resident personally within this State, * * *.

"(b) Service of the legal process provided for in this section * * * shall be made upon the Secretary of State of this State in the same manner as is provided by law for service of writs of summons, and when so made shall be as effectual to all intents and purposes as if made personally upon the defendant within this State; provided, that not later than seven days following the filing of the return of services of process in the Court in which the civil action is commenced or following the filing with the Court of the proof of the non-receipt of a notice provided for in subsection (e) of this section, the plaintiff or a person acting in his behalf shall send by registered mail to the non-resident defendant, or to his executor or administrator, a notice consisting of a copy of

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

HERRMANN, Justice:

In this automobile negligence case, the plaintiffs appeal from the Superior Court's grant of the defendant's motion to quash substituted service attempted by the plaintiffs under the Delaware Non-Resident Motorist Statute, 10 Del.C. § 3112.[1]

the process and complaint served upon the Secretary of State and the statement that service of the original of such process has been made upon the Secretary of State of this State, and that under the provisions of this section such service is as effectual to all intents and purposes as if it had been made upon such non-resident personally within this State.

\* \* \* \* \*

"(e) The plaintiff or his counsel of record in the action may within seven days following the return of any undelivered notice mailed in accordance with the provisions of paragraph (b) of this section other than a notice, delivery of which is shown by the notation of the postal authorities on the original envelope to have been refused by the defendant or his agent, file with the court in which the civil action is commenced proof of the non-receipt of the notice by the defendant or his agent, which proof shall consist of the usual receipt given by the post office at the time of mailing to the person mailing the registered article containing the notice, the original envelope of the undelivered registered article, and an affidavit made by or on behalf of plaintiff specifying (1) the date upon which the envelope containing the notice was mailed by registered mail, (2) the date upon which the envelope containing the notice was returned to the sender, (3) that the notice provided for in paragraph (b) of this section was contained in the envelope at the time it was mailed, and (4) that the receipt, obtained at the time of mailing by the person mailing the envelope containing the notice, is the receipt filed with the affidavit."

For the evolution of this Statute, see Monacelli v. Grimes, 9 Terry 122, 99 A.2d 255 (1953); Castelline v. Goldfine Truck Rental Service, 10 Terry 155, 112 A.2d 840 (1955); 50 Del.L. Ch. 333 (1955); 51 Del.L. Ch. 341 (1958).

In accordance with the provisions of § 3112(b), service of process was made upon the Secretary of State and notice was sent by registered mail to the defendant's last known address. The notice was returned by the postal authorities with the notation that the defendant had moved and that no forwarding address was known. Thereupon, the plaintiffs' attorney filed proof of non-receipt of the notice in accordance with § 3112(e). However, no further notice of the commencement of the action was sent to the defendant in accordance with § 3112(b).

The Superior Court held that the sending of a second notice to the defendant by registered mail was a jurisdictional requirement under § 3112(b), citing Purnell v. Dodman, Del.Super., 297 A.2d 391 (1972). Upon this appeal, the plaintiffs contend that the mailing of a second notice under the circumstances would have been "futile"; that the General Assembly could not have intended the doing of a futile act as a jurisdictional prerequisite; that, therefore, jurisdiction over the defendant was acquired by service of process upon the Secretary of State and the mailing of the first specified notice, without more.

The plaintiffs' argument falls before the plain mandate of the Statute. The legislative evolution of § 3112(b) demonstrates that the General Assembly deliberately added the requirement of a second notice after "non-receipt" (as distinguished from refusal of delivery) of the first notice: Originally, § 3112(b) provided for the mailing of one notice. 35 Del.L. Ch. 225; 1935 Code § 4590. Following *Monacelli* and *Castelline,* § 3112 was generally re-written in 1955. 50 Del.L. Ch. 333. For present purposes, it is sufficient to note that the requirement of one mailed notice was retained in § 3112(b), and that the present § 3112(e) was added. These subsections distinguished for the first time, legislatively, a "non-receipt" from a refus-

al of delivery of the notice.[2] Three years later, the General Assembly made one specific further change in § 3112(b) by adding the present language hereinafter italicized: "* * *; provided, that not later than seven days following the filing of the return of services of process in the Court in which the civil action is commenced *or following the filing with the Court of the proof of the non-receipt of notice provided for in subsection (e) of this section,* the plaintiff or a person acting in his behalf shall send by registered mail to the non-resident defendant, * * * a notice * * *." See 51 Del.L. Ch. 341, Section 1 (1958).

There can be no doubt that the addition in § 3112(b) of the italicized language was deliberate and intentional; nor can there be any doubt that thereby the Legislature intended to require a second notice, after a non-receipt of the first, which would have all the formality and jurisdictional significance as the first notice.

We do not adjudge the wisdom of a legislative scheme. It may well be, as the plaintiffs contend, that a second notice, sent so soon after the first has been returned for no forwarding address, is an "exercise in futility". We think, however, that the 1958 requirement of a follow-up notice, after the return of a non-receipt of the first, was the continued legislative pursuit of maximum fairness and of the constitutionally requisite "scheme of procedure which will make reasonably certain that the non-resident defendant receives notice of the fact that he has been sued, and which insures that he have a fair opportunity to defend against the action." Castelline v. Goldfine Truck Rental Service, Del. Supr., 112 A.2d 840, 843 (1955). Although a second notice may be futile on occasion, it was obviously deemed by the Legislature to be necessary or desirable for those instances when a second notice after a non-receipt would not be futile. In any event,

---

2. In this connection, see Creadick v. Keller, Del.Super., 5 W.W.Harr. 169, 160 A. 909 (1932); Castelline v. Goldfine Truck Rental Service, Del.Supr., 112 A.2d 840 (1955).

the statutory requirement of a second notice, after a non-receipt of the first, was deliberately added; its mandate is clear and unequivocal; it may not be denigrated to something less than a jurisdictional requirement.

Obviously, the manner of the insertion of the second notice requirement into § 3112(b) accorded to the second notice the same jurisdictional significance as was accorded the first notice; both provisions follow the same jurisdictional prefatory language. We find no merit in the plaintiffs' contention to the contrary; nor in their reliance upon Lightburn v. Delaware Power & Light Co., Del.Supr., 2 Storey 415, 158 A.2d 919 (1960).

Accordingly, we hold that the mailing of a second notice after a non-receipt of the first, in compliance with § 3112(b), is a jurisdictional requirement under the Delaware Non-Resident Motorist Statute.

The motion to quash was correctly granted.

Affirmed.