# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYRONE MULLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N19C-06-060 CLS |
| | ) | |
| GLORIANNE GORDON, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: March 23, 2020
Date Decided: June 5, 2020

*Upon Plaintiff Tyrone Mullins's Motion for Reargument*
**Denied.**

Gregory D. Stewart, Esquire, Law Office of Gregory D. Stewart, P.A., Middletown, Delaware, Attorney for Plaintiff.

Robert A. Ranieri, Esquire, Allstate Insurance Company Staff Counsel, Newark, Delaware, Attorney for Allstate Insurance.

**SCOTT, J.**

1

Before the Court is Plaintiff Tyrone Mullins's Motion for Reargument. For the following reasons, Plaintiff's motion is DENIED.

## Background

Plaintiff Tyrone Mullins filed a claim for negligence against Glorianne Gordon on June 7, 2019. On October 11, 2019, Plaintiff filed a Motion to Extend Time for Service ("Plaintiff's First Motion") because, despite several attempts, Plaintiff had been unable to serve Ms. Gordon with process. The Court granted Plaintiff's First Motion on October 21, 2019. After several more unsuccessful attempts by Plaintiff to serve Ms. Gordon, the Court granted Plaintiff's Motion for Service by Publication. Before Plaintiff could effectuate service by publication, however, Plaintiff learned that Ms. Gordon had been dead since January 23, 2019. Plaintiff then filed a second Motion to Extend Time for Service on January 29, 2020 ("Plaintiff's Second Motion") so that Plaintiff could open an estate for Ms. Gordon and serve the estate with process. The Court denied Plaintiff's Second Motion on March 16, 2020.

## Parties' Assertions

Plaintiff argues that the Court misapprehended the facts and failed to apply the correct standard for "good cause" when it denied Plaintiff's Second Motion. Plaintiff contends that, after evaluating the four factors from *Pioneer Investment*

2

*Services Company v. Brunswick Associates Limited Partnership*,[1] the Court should have found that any neglect attributable to Plaintiff's counsel when trying to serve Ms. Gordon was excusable. Finally, Plaintiff argues that the Court should have ruled on his Motion for Substitution because it was timely filed.

Counsel for Allstate Insurance filed a response, arguing that Plaintiff's motion fails to meet the standard for reargument. Allstate asks this Court to deny Plaintiff's motion. Allstate also asks this Court to vacate its prior ruling on Plaintiff's First Motion because—according to Allstate—Plaintiff's First Motion also failed to show good cause.

## Standard of Review

On a Motion for Reargument under Superior Court Rule of Civil Procedure 59(e), the only issue is whether the Court overlooked something that would have changed the outcome of the underlying decision.[2] Thus, the motion will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome

---

[1] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).
[2] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000) *aff'd*, 763 A.2d 90 (Del. 2000).

3

of the underlying decision."[3] A Motion for Reargument is not an opportunity for a party to rehash the arguments already decided by the Court or to present new arguments not previously raised.[4] A party seeking to have the Court reconsider the earlier ruling must, "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[5] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[6]

## Discussion

The Court did not misapprehend the facts. It is clear from Plaintiff's Second Motion that Plaintiff attempted—on multiple occasions and by different means—to serve process on Ms. Gordon. Plaintiff was ultimately unsuccessful in serving process upon Ms. Gordon within the extended time period because Ms. Gordon had died before Plaintiff filed the instant action.

The Court also did not misapply the law. In its decision denying Plaintiff's Second Motion, the Court found that there was no "good cause"[7] for Plaintiff's

---

[3] *BRP Hold Ox, LLC v. Chilian*, 2018 WL 6432978, at *1 (Del. Super. Dec. 6, 2018) (quoting *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006)).
[4] *Kennedy*, 2006 WL 488590, at *1.
[5] *Brenner*, 2000 WL 972649, at *1.
[6] *Newborn v. Christiana Psychiatric Serv., P.A.*, 2017 WL 394096, at *2 (Del. Super. Jan. 25, 2017).
[7] Super. Ct. Civ. R. 4(j) (requiring the party requesting an extension show "good cause" for failing to serve an opposing party within the time period); *Sidberry v. GEICO Advantage Ins. Co.*, 2019 WL 6318176, at *2 (Del. Super. Nov. 20, 2019)

4

failure to serve Ms. Gordon within the extended time period because Ms. Gordon was deceased from the outset of this litigation. Even if Plaintiff had tried to serve process on Ms. Gordon every day since the action was filed, it would not have been possible: Ms. Gordon was deceased. Thus, despite Plaintiff's many efforts to effectuate service of process, the Court found that Plaintiff had not shown good cause for his failure to serve process on a deceased individual.

Finally, the Court did not misapply the law when it denied as moot Plaintiff's motion to substitute a party.[8] Under Delaware Superior Court Rule of Civil Procedure 25, the Court *may* substitute a party with that party's estate upon an appropriate motion by any party or the representatives of the deceased party.[9] Here, there was no party for whom the estate could be substituted. Ms. Gordon was deceased before the lawsuit was filed; accordingly, Ms. Gordon was never a party to this lawsuit.[10] The Court properly decided not to substitute Ms. Gordon's estate for an individual who was never a party to the instant action.

---

("Although Rule 4(j) does not define 'good cause,' Delaware courts interpret good cause to require a showing of excusable neglect, meaning a showing of 'good faith' and a 'reasonable basis for noncompliance.'").

[8] Order, *Mullins v. Gordon*, No. 19C-06-060 CLS (Mar. 16, 2020) (denying Plaintiff's Second Motion and denying as moot Plaintiff's Motion for Substitution of Party and Allstate's Motion to Dismiss).

[9] Super. Ct. Civ. R. 25(a).

[10] *See Giles v. Rodolico*, 140 A.2d 263, 266 (Del. 1958) ("[J]urisdiction over persons can be acquired by the courts of this state solely through service of compulsive process."); *Castelline v. Goldfine Truck Rental Serv.*, 112 A.2d 840, 842 (Del. 1955) ("We think it a fundamental tenet of the law of Delaware, as it was

5

As an aside, the Court notes that Plaintiff's First Motion was filed after the initial 120-day time period for serving process.[11] The Court agrees with Allstate that Plaintiff's untimely filing means that Plaintiff failed to show excusable neglect even in his First Motion. However, because the Court is denying Plaintiff's Motion for Reargument, the Court will not open a new discussion about the untimely filing of the First Motion.

## Conclusion

For the forgoing reasons, Plaintiff's Motion for Reargument is **DENIED.**

**IT IS SO ORDERED.**

The Honorable Calvin L. Scott, Jr.

---

of the common law, that *in personam* jurisdiction can be acquired by a court solely by the proper service of process, either actual or constructive.").

[11] Plaintiff filed his Complaint on June 7, 2019. Plaintiff had until October 7, 2019 to serve Defendant with process. Plaintiff filed the First Motion on October 11, 2019, which is after the 120-day time period for service of process.