# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| **GREGGO and FERRARA, INC.,** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **C.A. No. N23L-05-041 CEB** |
| v. | ) | |
| | ) | |
| **VICSCOT, L.L.C.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: August 28, 2025
Decided: September 8, 2025

## MEMORANDUM OPINION

*Upon Consideration of Defendant's Motion to*
*Dismiss Count IV of the Complaint-*
**GRANTED**

Jeffrey M. Weiner, Esquire, LAW OFFICES OF JEFFREY M. WEINER, Wilmington, Delaware. *Attorney for Greggo and Ferrara, Inc.*

Victoria K. Petrone, Esquire and Mark A. Denny, Jr., Esquire, BROCKSTEDT, MANDALAS, FEDERICO, LLC., Wilmington, Delaware. *Attorneys for Defendant Vicscot, L.L.C.*

**BUTLER, R.J.**

## FACTS

This is a dispute concerning the quality of certain site improvements that were made to land on East Seventh Street in Wilmington. The property is apparently on land of some environmental sensitivity, as the Department of Natural Resources and Environmental Control ("DNREC") was involved in developing criteria for the improvements to be done. The property was developed by Defendant Vicscot, which built a sound studio of some sort.

A part of the development included site grading and landscaping, which was to be completed by Plaintiff Greggo & Ferrara. Their part of the job included bringing water service and waste sewers within five feet of the building to be constructed. It seems all went according to plan until the final grading and seeding of the property, which Vicscot felt was beneath the quality expected for the finished product. Vicscot withheld a portion of the final payment. Having been shorted on the final payment, Greggo & Ferrara sued for 1) a mechanic's lien, 2) breach of contract and 3) the Building and Construction Payments Act, 6 *Del. C.* §3509 *et seq.*

The question before the Court today concerns Count IV of the Complaint, asserting a claim under the Building and Construction Payments Act ("BCPA"). Vicscot says this claim should be dismissed because treatment under the BCPA is limited to construction of buildings, not improvements to land. Plaintiff says site

2

improvements qualify because they were done "in connection with" construction of a building.

## HISTORY AND POLICIES OF THE BCPA

Delaware – and 48 other states – have enacted some variant of a "prompt payment act" for the benefit of contractors and subcontractors on construction projects.[1]  While we might tarry longer with all of the many iterations of these statutes, suffice it to say Delaware's is the one we are concerned with here.

Delaware's statute benefits "contractors" who supply labor or materials "in connection with the erection, construction, completion, alteration or repair of any building or for additions to a building."[2]  As noted above, this dispute involves grading and improvement to the land, and not erection, completion, alteration or repair of a building.

For contractors whose work falls under the BCPA, there are financial benefits as well as disincentives for those who fail to pay invoices when due.  Broadly speaking, the contractor who prevails in the dispute may be awarded attorney fees.[3]

---

[1]  Deborah F. Buckman, Annotation, *State Prompt Payment Statutes—Construction Cases*, 83 A.L.R.7th Art. 6 (2023).
[2] 6 *Del. C.* §3501(2).
[3] *See* 6 *Del. C.* §3509

And the party withholding payment may be held to interest payments on the amount withheld.[4] Thus, applicability of the statute has financial consequences.

It is worth mentioning that the mechanic's lien statute is broader in defining the class of potential plaintiffs, permitting those who make improvements to land – and not just buildings – to file a lien.[5] But it is narrower in its remedy: attorney fee recovery is not available.[6]

Exactly why the definition of "contractor" in the BCPA is not coextensive with the definition of "persons entitled to obtain lien" in the mechanic's lien statute is not clear, but they clearly are not. Rather than attempting to harmonize two definitions of a remedial statute that the General Assembly could harmonize itself, the safer course for the Court is to read the language as written.

### COURT INTERPRETATIONS OF BCPA

Several Delaware cases have interpreted Delaware's BCPA and they are helpful to the resolution here. First, we have a federal District Court decision in *VSI Sales, LLC v. Griffin Sign, Inc.*, a case that stands for the rather unremarkable

---

[4] *See* 6 *Del. C.* §3506. A discussion of the applicability of interest penalties and attorney fees under the BCPA may be found in *Suppi Construction, Inc., v. EC Developments I, LLC*, 2024 WL 939851, at *8-10 (Del. Super. Mar. 24, 2024).
[5] *See* 25 *Del. C.* §§2702-03.
[6] *See Gaster v. Coldiron*, 297 A.2d 394 (Del. 1972).

proposition that a highway sign is not a building.[7] The highway sign maker's claim under the BCPA was thus rebuffed. But the argument rejected by the Court was that it should take a broad reading of the BCPA and apply it to "a broader range of improvements to land in accordance with the corollary mechanics' lien statutes."[8] The Court found no ambiguity in the BCPA statute and said "[h]ere, the court finds the Construction Prompt Payment Act is unambiguous and its plain language states that the statute only applies to the construction of buildings."[9]

In *Pearce & Moretto, Inc. v. Hyett's Corner, LLC*, Pearce & Moretto was hired to do site improvements on land being developed into a residential subdivision.[10] When its final payment was withheld, it sued, claiming a mechanic's lien, breach of contract, a BCPA claim and unjust enrichment, much like the Complaint here.[11] The Court allowed the mechanic's lien claim to proceed, but dismissed the BCPA claim, ruling that site improvements for buildings "intended to be built at some point in the future" do not qualify for treatment under the BCPA.[12] The Court reiterated the *VSI* decision's ruling that "the law only applies to building construction work."[13]

---

[7] *VSI Sales, LLC v. Griffin Sign, Inc.*, No. CV 13-1970-GMS, 2014 WL 1653271, at *3 (D. Del. Apr. 25, 2014).
[8] *Id.* at *2.
[9] *Id.*
[10] *Pearce & Moretto, Inc. v. Hyetts Corner, LLC*, No. CV N19L-06-090 WCC, 2020 WL 532748, at *1 (Del. Super. Jan. 31, 2020).
[11] *Id.*
[12] *Id.* at *4.
[13] *Id.* at *5 (citing *VSI Sales, LLC*, 2014 WL 1653271, at *2).

*Erosion Control Specialists, Inc. v Hyetts Corner, LLC* [14] was a similar lawsuit over landscaping services for the same development as the *Pearce & Moretto* case. Erosion Control sued for a mechanic's lien over seven properties, breach of contract, unjust enrichment and the BCPA. [15] Its specific landscaping services, however, were to the common areas of the subdivision. [16] Because Erosion Control's work was not related to any specific property, its mechanic's lien claim failed, and because Erosion Control did not meet the definition of a "contractor" under the BCPA – in that it did not furnish work in connection with a structure – its BCPA claim failed as well. [17]

## ANALYSIS

Greggo & Ferrara have not cited to the Court authority defining the term "in connection with" the construction of a building under the BCPA. The Defendant's citations above, while not defining "in connection with" specifically, do point to a conservative reading of the definition. Plaintiff argues that bringing sewer and water service to within five feet of the building is sufficiently connected to the construction of the building to qualify, but Plaintiff must concede that doing so requires a broad reading of the term "contractor" under the BCPA.

---

[14] *Erosion Control Specialists, Inc. v. Hyetts Corner, LLC*, No. CV N19L-06-082 MAA, 2020 WL 1129957, at *1-2 (Del. Super. Mar. 6, 2020).
[15] *Id.* at *1.
[16] *Id.*
[17] *Id.* at *4-5, *6.

Like the mechanic's lien statute, the BCPA is a creature of the legislature. As was said about mechanic's liens: "being in derogation of the common law, it must be strictly construed. . . ."[18] "Strict compliance with the statute is required as powerful relief is afforded that was unavailable at common law."[19]

The problem with Greggo & Ferrara's argument is that any number of services are rendered "in connection with" a building that are not the building itself. There are architects and engineers, bankers and lawyers. There are driveways and signage and other vendors with invoices in some way involved in a major building project. All are "connected with" the building project, but none are actually a part of the building itself. Greggo's expansion of "in connection with" has no logical stopping point.

Site improvers, landscapers and the like are not identified as "contractors" in the BCPA. One might argue that as a consequence, building tradespeople stand in a favored position vis a vis others who are involved in property development. Should contractors who bring services to the street, but not to the building all be protected under the BCPA? They arguably provide services "in connection with" a building

---

[18] *Id.* at *4 (quoting *Wyoming Concrete Indus., Inc. v. Hickory Commons, LLC II,* 2007 WL 53805, at *2 (Del. Super. Jan. 8, 2007)).

[19] *Id.* (quoting *J.O.B. Constr. Co. v. Jennings & Churella Servs., Inc.,* 2001 WL 985106, at *2 (Del. Super. Aug. 9, 2001)).

being constructed. The Court cannot conclude that the statute, as presently written, can be read so broadly.

Rather, the Court believes that the more conservative reading is the appropriate one: that only labor and materials that are connected directly to construction or repair to the building itself are protected. Had the General Assembly intended to benefit a larger class of workmen by the BCPA, it certainly could have broadened the definition of "contractor" in the statute.

Here, Greggo & Ferrara says it supplied water and sewer lines to within five feet of the property and it was for plumbers and building tradespeople to pick up the service from there into the building. There is thus a "bright line" at that point that can be easily applied by both tradesmen and courts as to who qualifies as a contractor under the BCPA. If the term "contractor" is read to include not only building builders but also site improvers, the definition could easily expand to any number of entities that are involved in land improvement and precise definitions become ever more problematic.

The Court thus concludes that the plain language of the statute and the decisional law interpreting the BCPA do not permit the conclusion that Greggo & Ferrara's claim is that of a "contractor" within the meaning of section 3501 of the BCPA.

The judgment must therefore be for Defendant and Count IV must be **DISMISSED**.

**IT IS SO ORDERED.**

/s/ Charles E. Butler
Charles E. Butler, Resident Judge