Sorenson, Plaintiff and Appellant, vs. Stowers and another, Defendants and Appellants: Emmert, Defendant and Respondent.*

*October 13—November 18, 1947.*

\* Motion for rehearing denied, with \$25 costs, in one case only, on January 13, 1948.

For the appellants there was a brief by *Wolfe, O'Leary & Kenney*, attorneys for La Marr Sorenson and Pearl Sorenson, and *D. J. Regan*, attorney for Charles Stowers and Milwaukee Automobile Insurance Company, Limited, all of Milwaukee, and oral argument by *Mr. Regan* and *Mr. Kenneth M. Kenney*.

For the respondent there was a brief by *Quarles, Spence & Quarles*, attorneys, and *Edward H. Borgelt* and *Richard S. Gibbs* of counsel, all of Milwaukee, and oral argument by *Mr. Gibbs*.

BARLOW, J. The question presented is whether proper service has been made on defendant Emmert under sec. 85.05 (3), Stats. It is undisputed that defendant Emmert was a nonresident. The collision from which damages are claimed occurred in Wisconsin, and service was properly made upon the commissioner of the motor vehicle department of the state of Wisconsin by filing a copy of the summons and complaint in his office, together with a fee of $2.

Sec. 85.05 (3), Stats., after providing for service on the commissioner of the motor vehicle department, provides that notice of such service and a copy of the process shall, within ten days thereafter, be sent by mail by the plaintiff to the defendant, at his last-known address. Appellants contend this was complied with by mailing a notice of such service and copy of the process to the defendant Emmert at Warren, Michigan. The trial court held that appellants failed to comply with the statute by not mailing the notice of service and copy of process to respondent's Chicago address, relying on *State ex rel. Cronkhite v. Belden* (1927), 193 Wis. 145, 158, 211 N. W. 916, 214 N. W. 460, wherein it is said:

"This must mean not his last address known to the plaintiff, but plaintiff is required to ascertain at his peril the last-known address of the defendant as a matter of fact, and his failure to do so will amount to a failure to comply with the statute and render the service invalid."

In the cases of *Wuchter v. Pizzutti*, 276 U. S. 13, 48 Sup. Ct. 259, 72 L. Ed. 446, and *Hess v. Pawloski*, 274 U. S. 352, 47 Sup. Ct. 632, 71 L. Ed. 1091, and cases there cited, it is held the well-established rule is that actual notice to a non-resident defendant in automobile damage actions is not essen-tial to due process. The general trend of authorities is to sustain the validity of service of process if the statutory provisions in themselves indicate there is a reasonable probability that if the statute is complied with defendant will receive actual service. In *Hendershot v. Ferkel*, 144 Ohio, 112, 56 N. E. (2d) 205, under a statute similar to sec. 85.05 (3), Stats., where the defendant had not received the suit papers, the court held that by complying with the statute proper service had been made.

Under sec. 770, United States postal regulations, "unlimited request for the forwarding of mail to other post offices shall be observed up to a period of two years unless revoked; except that such request affecting general-delivery mail at city de-

livery post offices shall expire at the end of thirty days unless renewed." If the provision of the statute under consideration is to have any force and effect, plaintiffs cannot be charged with responsibility to see that the postal department makes delivery of mail properly addressed. If the defendant had continued to live in Warren and the postal department had failed to make delivery of the letter, or the letter had been lost in the mail, defendant could not be heard to say that plaintiffs had failed to make proper service. It naturally follows that where defendant left a forwarding address, which is undisputed, if the postal department failed to forward the mail as directed within the period during which the forwarding order was effective, the same rule must apply. Plaintiffs had a right to rely upon the address given to the proper public authority at the time of the accident. If inquiry had been made of the postal authorities at Warren, Michigan, under the postal regulations they would not have been permitted to furnish the plaintiffs with the new address of defendant. To hold that a person may move from a known address to some other address and require the plaintiffs to obtain this new address wherever it may be in order to begin an action could well avoid the entire purpose of the statute. Warren, Michigan, was the last-known address of the defendant Emmert by these plaintiffs or their attorneys. The only claim made by defendant Emmert is that they failed to make proper effort to ascertain his changed address, thus depriving him of notice that the action had been commenced and an opportunity to defend unless he received this information through some other source, which he did in this instance. No claim is made that plaintiffs had knowledge of any later address of the defendant than the one which was used. The legislature provided the manner of service in this type of action. Plaintiffs complied with it in good faith—nothing more was required. So far as it is inconsistent with the foregoing, *State ex rel. Cronkhite v. Belden, supra,* is overruled.

The letter containing the notice of service and copy of process was registered and a return receipt requested. The names of the attorneys and their address is printed on the envelope but there is no return request on the envelope. Respondent contends this does not comply with that part of the statute which provides the notice shall be "sent by mail." It is argued the words "sent by mail" mean regular mail and not registered mail, because the regulations relative to delivery are different. The only postal regulation considered important here is sec. 1328 which provides "written orders to forward mail shall be considered to apply to both ordinary and registered mail unless the contrary is specifically stated." Respondent having left a forwarding address with the postal authorities at Warren, Michigan, the same regulation as to forwarding applied whether this letter was sent by regular mail or registered mail. The legislature did not provide any particular form of mailing. In some states having a similar statute, provision is made for sending the notice of service and copy of process by registered mail. Registered mail is considered the safer way to insure delivery, whether this be true or not. Respondent was in no way harmed by the manner of mailing as were parties in cases relied upon by respondent. While this particular question was not squarely before the court in *State ex rel. Nelson v. Grimm* (1935), 219 Wis. 630, 263 N. W. 583, it was there held that a letter sent by registered mail to defendant and receipted for by his agent constituted good service under the statute. It is considered that mailing by regular mail or registered mail complies with the statute in question. A return request on the envelope is not involved here, and we do not pass on this question.

*By the Court.*—Orders reversed, and causes remanded with directions to deny defendant Emmert's motions.