**John E. SWIFT, IV and Gladys M. Swift, Plaintiffs,**

v.

**Arthur LEASURE et al., Defendants.**

Superior Court of Delaware,
New Castle.

Dec. 2, 1971.

——◆——

Arthur Inden, Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiffs.

Robert G. Carey, Prickett, Ward, Burt & Sanders, Wilmington, for defendants.

OPINION

O'HARA, Judge.

This is an action for personal injuries arising out of an automobile accident occurring on September 26, 1968. Plaintiffs are residents of Delaware. All defendants are nonresidents and service of process was attempted on each under the provisions of 10 Del.C. § 3112.

The defendant, Arthur Leasure, has asserted certain jurisdictional defenses to plaintiffs' action. Plaintiffs have moved to strike these defenses. The issues raised thereby have come before the Court upon briefs and oral argument.

The essential facts pertaining to the issues are as follows:

At the time of the accident the defendant Leasure was operating a motor vehicle owned by the other named defendants. Leasure gave his address to the police naming a particular location in Concordville, Pennsylvania. Plaintiffs' action was filed on September 16, 1970, some ten days before the expiration of the statute of limitations. Service on the defendant Leasure was attempted through the processes provided for under 10 Del.C. § 3112(b) which read in pertinent part as follows:

"(b) Service of the legal process provided for in this section . . . shall be made upon the Secretary of State of this State in the same manner as is provided by law for service of writs

of summons, and when so made shall be as effectual to all intents and purposes as if made personally upon the defendant within this State; provided, that not later than seven days following the filing of the return of services of process in the Court in which the civil action is commenced or following the filing with the Court of the proof of the non-receipt of notice provided for in subsection (e) of this section, the plaintiff . . . shall send by registered mail to the non-resident defendant . . . a notice consisting of a copy of the process and complaint served upon the Secretary of State and the statement that service of the original of such process has been made upon the

Secretary of State . . . "

Pursuant to this statute the Secretary of State was served on September 24, 1970. On September 29, 1970, plaintiffs sent a notice, conforming to the statutory formalities, to Leasure at the address given by him. Notices thus forwarded to Leasure were returned with Post Office notations "unclaimed, moved, left no address" and "unclaimed, no order, returned to sender".* Thereafter plaintiffs filed an "Affidavit of Non-Receipt" with the Court as to Leasure.

The plaintiffs here are obviously attempting to obtain a judgment in personam and have relied upon substitute service under the provisions of the so-called "long arm" statute. Leasure takes issue with the procedures followed and asserts that under the statute the plaintiffs are required to insure that notice actually gets to the defendant and not just that notice be sent to some address. In this instance defendant asserts that the Post Office returns clearly indicate that actual notice was not given to defendant and, therefore, no service has been obtained. The issue thus raised is whether or not plaintiffs have complied with the notice requirements of the "long arm" statute and if so, whether it is sufficient to confer jurisdiction upon this Court.

The Delaware statute represents the legislative response to the situation at common law whereby in personam jurisdiction was limited to those individuals situated within the jurisdictional boundaries of the State and thereby subject to the processes of the Court. Since the first enactment of such a statute in Delaware in 1927 there have been numerous amendments to it until it has reached its present form. Leasure here relies upon a number of earlier Delaware decisions which have concluded that the statutory notice provision required the imparting of actual notice to the defendant of the pending action. Paxson v. Crowson, 8 Terry 114, 87 A.2d 881 (Del.Super.1952); McLean Trucking Co. v. Stover, 8 Terry 110, 87 A.2d 879 (Del.Super.1951); Syracuse Trust Co. v. Keller, 5 W.W.Harr. 304, 165 A. 327 (Del.Super.1932); Webb Packing Co. v. Harmon, 9 W.W.Harr. 22, 196 A. 158 (Del.Super.1937).

In 1958 a significant amendment was made to section 3112(b) whereby the statute for the first time included the language "or following the filing with the Court of the proof of the non-receipt of notice provided for in subsection (e) of this section". This language read together with all provisions of the statute lead inevitably to the conclusion that the Legislature in enacting this amendment intended to eliminate actual notice as a jurisdictional element under certain circumstances. Accordingly, the line of cases cited by Leasure are of limited value. The language of the statute which requires the sending of notice "to the non-resident defendant" is thus open to reasonable interpretation.

It would be inconsistent to conclude that actual delivery to the defendant is contem-

---

* For reasons not here relevant plaintiffs made two efforts to obtain service upon Leasure which explains the fact that there were two returns from the Post Office.

plated under the present statute in view of the provisions providing for the filing of the "non-receipt of notice". The statute in its present form requires that notice be sent "to the non-resident defendant" which can only mean to that address where the plaintiffs have good grounds to believe that notice will be effectively brought to the defendant's attention.

Furthermore, the adoption of this more reasonable approach to the obligation of the plaintiff in a suit against a non-resident in no way offends the requirement of due process of law. Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446 (1928); Sorenson v. Stowers, 251 Wis. 398, 29 N.W.2d 512 (1947).

In determining whether a particular plaintiff has met the requirement of reasonableness under the statute, the Court recognizes that there may be some variations according to the factual situation existing at the time. For example, in this instance we are faced with the question of whether it was reasonable for plaintiffs to rely upon an address furnished by the defendant nearly two years prior to the attempt to send notice to him.

■ In this connection the Court would point out that the defendant himself was under an obligation which, not having been fully met, brought about the difficulty of service for the plaintiffs. The defendant was involved in an accident which obviously was of a relatively serious nature and he certainly must have been aware of possible future litigation. Having once submitted an address to the public authorities wherein legal process could be served upon him, he was under a continuing duty to keep this address current for a reasonable period of time. He apparently did not do this as it would appear that well within the statute of limitations period he moved without leaving with the Post Office authorities any forwarding address. The burden of furnishing the Post Office with a forwarding address was negligible compared with the difficulties imposed upon the plain-

tiffs to establish defendant's whereabouts by means of an independent and, perhaps, expensive search. Under these circumstances the Court will not impose upon plaintiffs the obligation to ferret out the actual location of defendant. Certification that delivery was attempted at the address furnished by the defendant at the time of the accident will satisfy the jurisdictional prerequisites. In this view support may be found in a number of cases in other jurisdictions. Kraft v. Bahr, 256 Iowa 822, 128 N.W.2d 261 (1964); Skinner v. Mueller, 1 Wis.2d 328, 84 N.W.2d 71 (1957); Sorenson v. Stowers, supra.

The Court, having concluded that defendant Leasure's jurisdictional defenses will not avail, herewith grants plaintiffs' motion to strike such defenses.

It is so ordered.