**Selma SOMMERS and Joseph Sommers, her husband, Plaintiffs,**

v.

**Pereira GASTON and The Hertz Corporation, a corporation of the State of Delaware, Defendants.**

Superior Court of Delaware, New Castle.

July 28, 1972.

Bernard Balick, Wilmington, for plaintiffs.

Joseph H. Flanzer, Wilmington, for defendants.

STIFTEL, President Judge.

There was an automobile accident on I-95. Pereira Gaston's Hertz rented car struck the rear of plaintiffs' car. Plaintiffs' car hit the guardrail and righted itself back onto the highway. Gaston and his friends checked to see if plaintiffs were injured. It appearing that they were not, and after exchanging information with plaintiffs, Gaston and his friends returned to their car and left the scene. The affidavit of Joseph Sommers recites that Gaston "showed me a passport from Uruguay which indicated that he resided in Montevideo but had no further address, and said that the passport constituted an interna-

tional driver's license". The affiant also said that "He also showed me a student identification card, number 17340088889, from New York University and said that he could be reached there." Sommers further stated that he "asked Gaston to wait until the police arrived, but he decided to leave . . ."

Plaintiffs, after fruitlessly waiting for the police to arrive on the Expressway, went to a police station and reported the accident. Apparently, they gave the police the information about Gaston's addresses which was contained in the police report.

About a day after the accident, Selma Sommers complained about feeling uncomfortable. An injury was discovered and she received treatment for a considerable time. For some peculiar reason, no immediate effort was made to contact Gaston to inform him of the injury. The only attempt to contact him came nearly two years after the accident, when suit was filed, in order to comply with the non-resident motor vehicle statute.[1] The attempt proved useless since the defendant could not be located at the addresses he gave; nor could the Uruguayan Embassy help. He left no forwarding address. New York University, where he claimed to be a student when the accident happened, did not have any information on him.

At the time of the accident, Gaston was driving a Hertz rented car. Hertz knew of the accident but was never notified of the injury and it, too, has been unable to locate Gaston. Unfortunately, Hertz destroyed its two-year-old records, which may have provided better information on Gaston's location.

The attorney for Hertz asked that the case be dismissed as to Gaston because it deprives Gaston of his property without due process of law, in contravention of Section 1 of the Fourteenth Amendment to the Federal Constitution which, he argues, requires the defendant to actually receive notice of the pending action against him before the Court acquires jurisdiction.

Title 10, Del.C. § 3112(b) requires plaintiff to send the non-resident defendant a notice of the suit filed, by registered mail, including a copy of the process and complaint that has already been served upon the Secretary of State. The statute does not require that the defendant actually receive the notice. A reasonable interpretation of the legislative intent would appear to be that such notice was to be sent to a place or address at which it is probable the notice would be received by the addressee. See Powell v. Knight, 74 F.Supp. 191, 196 (D.C.E.D.Va.1947). Under this statute, the plaintiff should use reasonable discretion in this regard. He would normally forward the notice to the address that had been furnished by defendant at the time of the accident. However, if plaintiff learns that the address furnished is incorrect, he should make a reasonable effort to notify defendant at the address where it is probable that delivery will be made to him. The test of constitu-

---

1. This statute (10 Del.C. § 3112(b)) reads as follows:

"(b) Service of the legal process provided for in this section with the fee of $2, shall be made upon the Secretary of State of this State in the same manner as is provided by law for service of writs of summons, and when so made shall be as effectual to all intents and purposes as if made personally upon the defendant within this State; provided, that not later than seven days following the filing of the return of services of process in the Court in which the civil action is commenced or following the filing with the Court of the proof of the non-receipt of notice provided for in subsection (e) of this section, the plaintiff or a person acting in his behalf shall send by registered mail to the non-resident defendant, or to his executor or administrator, a notice consisting of a copy of the process and complaint served upon the Secretary of State and the statement that service of the original of such process has been made upon the Secretary of State of this State, and that under the provisions of this section such service is as effectual to all intents and purposes as if it had been made upon such non-resident personally within this State."

tionality as laid down by Wuchter v. Pizzuti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446, is whether the statute makes a reasonable provision for probable communication to the defendant of notice of institution of suit. If the statute makes provision for reasonable communication, it is constitutional; and if there is compliance with the statute in the service of the notice, the service is valid. Swift v. Leasure, Del., 285 A.2d 428; see, also, Powell v. Knight, *supra*, 74 F.Supp. at pp. 191, 195, 196. I find the statute constitutional. It does not deny due process.

■ Defendants argue that there was non-compliance with the Delaware statute. They claim plaintiffs had the obligation to find the correct address of defendant Gaston at the time they filed suit. Suit was filed right before the limitation deadline. Plaintiffs could not locate the true address of Gaston. They took the address from the police report. They checked New York University. He was not there—no forwarding address. They checked everywhere they could, but with no success. True, they should have tried to locate and notify Gaston during the two-year period between the accident and the filing of the suit. Also, they should have notified Hertz. But these omissions, even though important, do not show non-compliance with the statute. Gaston knew he had had an accident. He did not wait for the police. He never communicated with the police to give them exact information. The information about him was supplied by plaintiffs to the police. They had only the limited information Gaston supplied to them. Hertz knew of the accident and yet destroyed its records. An obligation remained with Gaston to advise the authorities of his correct address. Swift v. Leasure, *supra*, 285 A.2d at p. 430. He moved somewhere; left no forwarding address. No-one can find him. Even a worldwide organization like Hertz has been unable to locate him. Certainly it would be an unfair burden on plaintiffs to cause an international search to be made in order to find his present residence.

Even though plaintiffs acted disappointingly, nevertheless, the requirements of the statute have been met for substituted service.

Defendants' motion to dismiss as to Gaston is denied.

■ Good and sufficient reasons for Hertz's failure to file a timely affidavit of non-agency [2] having been shown, its motion to file one at this time is granted.

It is so ordered.

2. 10 Del.C. § 3916:

"Agency in operation of motor vehicles, proof of

"In any action arising out of the operation of any vehicle, in which it is alleged that the operator of the vehicle was a servant, agent or employee of the defendant, it shall not be necessary for the plaintiff on the trial to prove that the person operating the vehicle was a servant, agent or employee of the defendant or that the servant, agent or employee was, at the time of the occurrence for which the action is brought, operating the vehicle in and about the course of his duties as a servant, agent or employee of defendant, but the same shall be taken to be admitted on the record as alleged unless the defendant, or where there is more than one defendant, some one of the defendants, has filed, at or before the time when the answer is filed in such action, or at such other time as the court may allow, an affidavit denying that the operator of the vehicle was operating the same at the time of the occurrence as a servant, agent or employee of defendant, or that the operator of the vehicle was operating the same in and about the course of his duties as a servant, agent or employee of defendant."