Linda K. VIARS, formerly known as
Linda K. Hultberg, Plaintiff,

v.

Dale A. SURBAUGH, Defendant.

Superior Court of Delaware,
New Castle.

March 4, 1975.

Hiram W. Warder, Wilmington, for plaintiff.

Alfred M. Isaacs, Flanzer & Isaacs, Wilmington, for defendant.

STIFTEL, President Judge.

Rule 12(b), Del.C.Ann., motion to dismiss complaint because of plaintiff's failure to obtain timely alias writ and for failure to properly comply with non-resident motor vehicle statute. Defendant contends, first, that since plaintiff did not comply with Superior Court Civil Rule 4(a),[1] her action died. Additionally, defendant claims that plaintiff's eventual attempt as service under the non-resident motorist statute, 10

---

1. "4(a) *Issuance of Writs; Original, Alias or Pluries.* Upon the commencement of an action, the Prothonotary shall forthwith issue the process specified in the praecipe and shall deliver it for service to the sheriff . . . of the County . . . specified in the praecipe . . . Upon direction of the plaintiff in his praecipe, separate or additional process shall issue against any defendants. No alias or pluries writ shall issue except within six months after the return day of the preceding writ."

Del.C. §§ 3112, 3113, was ineffective. Under either theory, defendant claims any attempt to reactivate the claim is now barred by the running of the statute of limitations.

The accident happened on October 9, 1971, when defendant was a Delaware resident. A year after the accident, defendant moved his residence to Pennsylvania. Eight months after the move to Pennsylvania, plaintiff filed suit on June 29, 1973. The original summons was returned "non est inventus" on July 24, 1973. An alias summons was issued and returned "non est inventus" on September 12, 1973. The sheriff's return indicated that the defendant had not lived at the Delaware address for several months. Plaintiff began a continuing but fruitless search for the defendant. Both defendant's insurance carrier and the occupants at his former Delaware address denied knowledge of his whereabouts. Plaintiff finally learned of defendant's new residence on July 31, 1974, about nine months after the statute of limitations had run.

On August 1, 1974, plaintiff amended her complaint to include defendant's new address and filed a praecipe requesting service on the Secretary of State, pursuant to 10 Del.C. § 3112. On the same date, August 1, 1974, plaintiff mailed to defendant the notice of service on the Secretary of State required by § 3112(b). But service was actually made on the Secretary on August 7, and the return of service was made on August 12. On August 5, plaintiff received the return receipt signed by defendant. On August 7, plaintiff filed an affidavit of non-residence and amendments to her complaint pursuant to Rule 4(h) [2] and 10 Del.C. § 3112(d).[3]

Plaintiff argues that she was diligent in effecting service since the delay was caused solely by defendant's failure to notify the authorities or plaintiff of his change of address to Pennsylvania.

■ The filing of a praecipe tolls the statute of limitations provided that the plaintiff diligently seeks to bring the defendant into Court and subject him to its jurisdiction. There must be no unreasonable delay in the service of process. Giles v. Rodolico, 1 Storey 143, 140 A.2d 263, 266 (Del.Supr.1958); Bokat v. Getty Oil Co., 262 A.2d 246 (Del.Supr.1970); Russell v. Olmedo, 275 A.2d 249 (Del.Supr.1971); Biby v. Smith, 272 A.2d 116 (Del.Super. 1970); Sines v. Wyatt, 281 A.2d 499 (Del. Super.1971).

Defendant relies on *Russell*. *Russell* is distinguishable. Although the plaintiff there filed a complaint and praecipe prior to the expiration of the two-year limitation period, he purposely delayed service of process until seven months after the statute expired. Reasoning that this delay in service was inexcusable, the Court held that the filing of the complaint did not constitute an "action" within the meaning of 10 Del.C. § 8118 and, therefore, the suit was barred.

■ Here, by contrast, plaintiff made a diligent and good faith effort to serve process on defendant. After discovering that defendant no longer lived at the ad-

2. Superior Court Civil Rule 4(h):
   "*Actions against non-resident owner, operator or driver of a motor vehicle; or upon a resident owner or operator of motor vehicles who departs from the state after an accident; proof of service of process.* In an action against a motor vehicle owner, operator or driver, pursuant to 10 Del.C. 3112 or 3113, the defendant's return receipt and the plaintiff's affidavit of the defendant's non-residence and the sending of a copy of the complaint with the notice required by the statute shall be filed as an amendment to the complaint within ten days of the receiving by the plaintiff of the defendant's return receipt; provided, however, that said amendment shall not be served upon the parties in accordance with the provisions of Rule 5(a)."

3. § 3112(d). "The return receipt or other official proof of delivery shall constitute presumptive evidence that the notice mailed was received by the defendant or his agent; and the notation of refusal shall constitute presumptive evidence that the refusal was by the defendant or his agent."

dress he had furnished at the time of the accident, plaintiff not only questioned defendant's insurance carrier and the police but hired a private investigator to find defendant. Admittedly, plaintiff did not file her complaint until four months before the limitations period expired. However, once plaintiff did file, she left no stone unturned in searching for defendant.

■ Defendant had been involved in a serious accident and he should have been aware of possible future litigation. When defendant left the jurisdiction in October, 1972, a time well within the limitations period, he was under an obligation to notify the Post Office or other authorities of a forwarding address at which he could be served. Service was delayed only because of defendant's failure to do so. Swift v. Leasure, 285 A.2d 428, 430 (Del.Super. 1971); Sommers v. Gaston, 295 A.2d 578, 581 (Del.Super.1972).

■ Defendant also complains that plaintiff failed to comply with Superior Court Civil Rule 4(a), which requires that all alias or pluries writs issue within six months after the return day of the preceding writ. Plaintiff's alias summons was returned on September 12, 1973. To keep her action alive, plaintiff was required to issue a pluries writ within six months thereafter. Giles v. Rodolico, *supra,* 140 A.2d at 265–6; Webb Packing Co. v. Harmon, 9 W.W.Harr. 22, 196 A. 158, 163 (Del.Super.1937). Plaintiff did not issue another summons until eleven months later. However, the same policy of ensuring continuity in the issuance of process motivates both Rule 4(a) and the *Bokat* and *Russell* holdings requiring no unreasonable delay in service of process. Thus, plaintiff's neglect is "excusable" since her difficulty in finding defendant stemmed directly from his failure to supply a forwarding address, and she was justified in assuming that further attempts to serve defendant at his Delaware address would be futile. See Superior Court Civil Rule 6(b).

\* \* \* \* \* \*

Defendant argues finally that plaintiff's service under 10 Del.C. § 3112 was defective since plaintiff mailed the notice of service on the Secretary of State five days before actual service on him and eleven days prior to the return of service. Defendant claims that this notice of service on the Secretary of State may be sent to defendant only within seven days after filing the return of service.

The relevant statutory language is:

"... provided, that *not later than* seven days *following* the filing of the return of service of process ... the plaintiff ... shall send by registered mail to the non-resident defendant ... a notice consisting of a copy of the process and complaint *served upon* the Secretary of State and the statement that service of the original of such process *has been made* upon the Secretary of State ..." 10 Del.C. § 3112(b). (Emphasis added).

Plaintiff contends that nothing in § 3112(b) requires the return of service upon the Secretary of State before mailing notice of such service to the defendant, and that the clause "not later than" seven days following the return implies that notice may be sent at any time prior to the expiration of that seven day period, not just within the period itself. Plaintiff's argument is not convincing.

■ The language "not later than seven days following", taken out of context, does imply that notice may properly be sent at any time prior to the return of service. However, the remainder of § 3112(b) requires that the notice contain a copy of the process "served upon the Secretary" and a statement that such process "has been made upon the Secretary". In light of this subsequent language, all in the past tense, the phrase "not later than seven days following" must be read as "within seven days after" the return of service. This construction is supported by

Purnell v. Dodman, 297 A.2d 391, 394 (Del.Super.1972), where the Court, in construing § 3112(b), specifically stated that the mailing of notice is to be made within seven days after the return of service upon the Secretary of State.

Significantly, before the 1955 amendment, § 3112(b) provided that:

". . . not later than the day following the commencement of the action a copy of the process and notice that service of the original of such process *has or will soon be made* upon the Secretary of State . . . [would be sent to the defendant]." (Emphasis added).

If this language had not been changed, plaintiff's position would be correct. But by omitting the clause "or will soon be made", the Legislature must have intended that notice should be sent only after the return of service on the Secretary of State. Castelline v. Goldfine Truck Rental Service, 10 Terry 155, 112 A.2d 840 (Del. Supr.1955), which plaintiff cites, dealt with this pre-1955 version of § 3112(b) and has little relevance here. Accordingly, plaintiff's action must be dismissed.

\* \* \* \* \* \*

■ Although the limitations period expired in October, 1973, plaintiff argues that 10 Del.C. §§ 8116 and 8117 apply and that she should be allowed to file another suit.

Sec. 8116 does not apply. It provides:

". . . [I]f, after a cause of action shall have accrued against any person, he departs from and resides or remains out of the State, the time of his absence until he shall have returned into the State . . . shall not be taken as any part of the time limited for the commencement of the action."

Until October, 1972, defendant was a Delaware resident and subject to personal service. After becoming a non-resident, he still remained subject to substituted service under the non-resident motorist statute and therefore, was not "out of the state" within the meaning of § 8116. See Hurwitch v. Adams, 2 Storey 247, 155 A.2d 591 (Del.Supr.1959).

■ Sec. 8117(a) could save plaintiff. It provides:

"If in any action duly commenced within the time limited therefor in this chapter, the writ fails of a sufficient service or return by any unavoidable accident, or by any default or neglect of the officer to whom it is committed; or if the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form . . . a new action may be commenced, for the same cause of action, at any time within 1 year after the abatement or other determination of the original action . . . .".

Savings statutes are remedial in nature and are liberally construed. Giles v. Rodolico, *supra*, 140 A.2d 267; Gosnell v. Whetsel, 198 A.2d 924 (Del.Supr.1964); Purnell v. Dodman, 311 A.2d 877, 879 (Del.Super. 1973); Leavy v. Saunders, 319 A.2d 44, 47 (Del.Super.1974). They are intended to apply where a party, although having given his adversary timely notice of intention to litigate, finds his action technically barred by lapse of time through a careless oversight or action of counsel.

■ In applying § 8117, the courts give weight to the fact that a defendant or his insurer had timely notice of plaintiff's litigation or intent to litigate. Giles v. Rodolico, *supra*, 140 A.2d 267–8; Purnell v. Dodman, *supra*, 311 A.2d 880. Here, plaintiff contacted defendant's insurance carrier shortly after the filing of her complaint in her attempt to find and serve defendant. The carrier was also aware of plaintiff's additional efforts to serve the insured. Plaintiff's inartistic handling of the "notice of service" under § 3112(b), while technically deficient, was nevertheless primarily a "formal failure" of compliance with statutory language where, in effect,

notice of intention to litigate was given defendant by an early mailing with a fairly predictable event of satisfactory service upon the Secretary.

■ Plaintiff's failure to technically comply with § 3112(b) made her service technically defective and her action is dismissed. This dismissal constitutes an abatement of her action, however, within the meaning of § 8117, should she seek to avail herself of the use of this section.

Rule 12(b) Motion to Dismiss granted.

It is so ordered.