William Arthur WALLS and Vicki S.
Walls, Plaintiffs Below, Appellants,

v.

Wasseem A. ABDEL-MALIK, Defendant
and Third-Party Plaintiff
Below, Appellee,

v.

Carl DiROCCO, Third-Party Defendant
Below, Appellee.

Supreme Court of Delaware.

Submitted Dec. 22, 1981.*

Decided Jan. 14, 1982.

---

* The appeal was orally argued on September 17, 1981. The Court on two occasions subsequent to oral argument requested supplemental memoranda. The last memorandum was filed on the date indicated.

Paul S. Swierzbinski (argued), Wilmington, and Garry Greenstein of Knecht, Greenstein, Schagrin & Berkowitz, Wilmington, for plaintiffs below, appellants.

Robert P. Lobue (argued), Howard M. Berg and Joseph E. Funk of Howard M. Berg & Associates, Wilmington, for defendant and third-party plaintiff below, appellee.

Morton R. Kimmel of Kimmel & Spiller, P.A., Wilmington, for third-party defendant below, appellee.

Before DUFFY, McNEILLY and QUILLEN, JJ.

QUILLEN, Justice:

This case is an appeal from an order of the Superior Court granting the defendant's motion for summary judgment in a personal injury action on the basis of the statute of limitations. 10 *Del.C.* § 8119. The chief issue raised by the parties is whether a plaintiff must treat a defendant who has intentionally misrepresented himself as being an out-of-state resident, when he is actually an in-state resident, as a "nonresident" and attempt substituted service pursuant to the Nonresident Motor Vehicles Operator Statute. 10 *Del.C.* § 3112. Related thereto is the question of whether the plaintiffs exercised due diligence in bringing their lawsuit.

This first issue has been raised somewhat unusually because the plaintiff failed to attempt substituted service pursuant to 10 *Del.C.* § 3112. The defendant has raised the applicability of the statute defensively in support of his defense that plaintiffs' suit is barred by the two-year personal injury limitations period. We note initially that the Court does not view the defendant in a sympathetic light. But the applicability of the defense of the statute of limitations is not reserved for the innocent. The Court therefore must consider the diligence of the plaintiff generally as well as in relation to the nonresident statute.

We state the facts on the basis of the plaintiffs' allegations. Plaintiffs, William Walls and his wife, Vicki Walls, were involved in an automobile accident on May 27, 1976. They were driving west on the Kirkwood Highway when the automobile in front of them, driven by Wasseem A. Abdel-Malik, began to slow down and then stopped. William Walls, upon noticing Abdel-Malik's action, followed suit. Before Mr. Walls could change lanes and continue traveling, the Walls vehicle was hit in the rear. Carl DiRocco was the driver of the contact automobile.

Instead of getting out of his car and exchanging driver licenses and car registrations, Abdel-Malik drove off. William Walls, being incensed at Abdel-Malik's action, flagged down a passing automobile and gave chase. Walls caught up with Abdel-Malik and informed him that he had left the scene of the accident. After an initial indication to return to the scene, Abdel-Malik determined not to return, pleading lack of time. But he did give Walls information off of a Pennsylvania driver's license and car registration. Walls wrote down the following:

Name and address: Wassem A. Abdel Malik
1338 New Rogers Road
Apt. T-12
Levittown, Pennsylvania

Vehicle's License Number: Pa. Reg. IX6806

Walls went back to the scene of the accident and gave the attending police officer, Sergeant Leonard Sekscinski, the information received from Abdel-Malik. Sergeant Sekscinski called by radio and had the information checked. At the scene, Mr. Walls was told there was no Pennsylvania record of a vehicle with the license number in question. Sekscinski opined that the vehicle was either stolen or had false registration plates.

Insofar as the record reveals, the plaintiffs made no effort to locate the defendant Abdel-Malik until December 1978, six months after the expiration of the normal two years permitted for personal injury actions under the statute of limitations. 10 Del.C. § 8119. Plaintiffs became interested in defendant Abdel-Malik's whereabouts as the result of a deposition taken from Sergeant Sekscinski, sometime in November 1978, in preparation of a case filed on May 16, 1978 against DiRocco, the contact automobile driver. During his deposition, Sergeant Sekscinski stated that sometime after the May 27, 1976 automobile accident, he had gone to the Pennsylvania address defendant Abdel-Malik had given to Mr. Walls. Sekscinski had been informed by an unidentified individual that Abdel-Malik no longer resided there and had moved to Delaware. Sergeant Sekscinski checked with the Delaware Division of Motor Vehicles but the agency had no information concerning defendant Abdel-Malik. The sergeant also stated that on the day of the accident he had a hunch that Abdel-Malik might have resided in an apartment complex near the scene of the accident, but that check had also brought negative results.

Based upon Sergeant Sekscinski's deposition, acquired nearly two and one-half years after the accident, the plaintiffs began a search for Abdel-Malik. They started by giving the Delaware Division of Motor Vehicles variant spellings of Abdel-Malik's name. But, for reasons not too clear in the record, the Division supplied no information. The plaintiffs then hired a private investigator in December 1978. By the middle of January 1979, the private investigator discovered that Abdel-Malik lived and worked in Delaware. During his investigation, the private investigator found that Abdel-Malik had moved and changed jobs a number of times between the date of the accident and the date of his discovery. In fact, however, at the time of the accident, Abdel-Malik had been a Delaware resident and no longer lived at the address printed on his Pennsylvania driver's license. Defendant Abdel-Malik continued to drive in Delaware on his Pennsylvania driver's license until its expiration in January 1977. On January 10, 1977 defendant acquired a Delaware license. As noted above, although the defendant had a Delaware driver's license at the time plaintiffs asked the Division of Motor Vehicles to make a check in November 1978, no help was forthcoming from the Division. It seems that this may have been due to different spellings of the defendant's last name.[1] However, the reason the private investigator was ultimately successful in finding defendant Abdel-Malik in January 1979, after Sergeant Sekscinski had been unsuccessful in his post-accident investigative search, was the existence of Abdel-Ma-

1. Plaintiffs argue that defendant Abdel-Malik fraudulently concealed his identity throughout the pertinent period by constantly changing his name. In support of this allegation plaintiffs provided the following spellings of defendant's name and their sources:

   1. Wassem A. Abdel Malik (Sergeant Sekscinski's police report based upon information given to him by plaintiff William Walls).
   2. Wasseem A. Abdel-Malik (Pennsylvania Department of Transportation Certification Statement).
   3. Wasseem A. Abdelmalik (Delaware Driving Record Report).

   4. W. Abdel-Malik (Defendant's signature on his Delaware Driver's License).
   5. Wassam A. Abdel Malik (Court Reporter's spelling of defendant's name as reflected in Sergeant Sekscinski's deposition).
We do not find that this evidence raises a genuine issue of fact that the different spellings are due to fraudulent wrongdoing on the part of the defendant. Thus, we do not view plaintiffs' case as a fraudulent concealment of identity case and merely review the case with regard to the defendant's act of giving the plaintiffs a non-current out-of-state address.

lik's Delaware driver's license. After discovery of Abdel-Malik's whereabouts, the plaintiffs filed an action against him on January 17, 1979. Personal service was made on Abdel-Malik on January 26, 1979. Abdel-Malik subsequently filed a third-party claim against DiRocco. Plaintiffs' action against DiRocco had been settled with the plaintiffs giving DiRocco a joint tortfeasor's release.

Defendant Abdel-Malik filed a motion for summary judgment based on the ground that the two-year statute of limitations for personal injury claims, 10 *Del.C.* § 8119, had expired. Plaintiffs countered by arguing that the limitations statute tolled as the result of defendant Abdel-Malik's alleged fraudulent concealment of his identity and whereabouts. The Superior Court ruled in favor of defendant and granted his motion for summary judgment. The Superior Court said "attempted substituted service would have tolled the running of § 8119 at least until January 10, 1977, absent fraudulent concealment of the identity and whereabouts of defendant." And since the record did not support a finding of fraudulent concealment, the Superior Court held that the plaintiffs erred in failing to attempt substituted service pursuant to the Nonresident Motor Vehicles Operator Statute, 10 *Del.C.* § 3112.

Plaintiffs contend that 10 *Del.C.* § 3112 had no application, as the defendant at the time of the accident and throughout the two-year limitations period was a Delaware resident and not a "nonresident", as that word is used in 10 *Del.C.* § 3112. This contention has facial appeal and it cannot be dismissed lightly in this case. In our judgment, however, it cannot be decisive under these facts.

Initially, we note that the plaintiffs are not in the best position to make the contention. First, it is not shown by the record that the plaintiffs during the two-year limitations period knew that defendant Abdel-Malik was a Delaware resident.[2] The only information they had on the whereabouts of the defendant was the Pennsylvania address given by defendant Abdel-Malik to plaintiff William Walls. Within the two-year limitations period, plaintiffs, insofar as the record discloses, made no inquiry as to the whereabouts of Abdel-Malik. It was Sergeant Sekscinski who, pursuant to a post-accident investigation, discovered that defendant Abdel-Malik no longer resided at the given Pennsylvania address, and had possibly moved into Delaware.[3] There is no evidence in the record that Sergeant Sekscinski ever forwarded this information to plaintiffs during the two-year limitations period. Sergeant Sekscinski's discovery was apparently made known to plaintiffs while taking his deposition in preparation for a case instituted by plaintiffs against former defendant DiRocco,[4] now third-party defendant, six months after the running of the statute.

Second, it seems clear under our law that plaintiffs could sue the defendant based on the address furnished at the scene.

---

**2.** The plaintiffs argued at one point that "[e]vidence exists in the record that information concerning [1] the falsity of Malik's Pennsylvania residence and [2] his actual residence in Delaware was communicated to Walls by Sgt. Sekscinski immediately after the accident". With respect to the first point, the evidence referred to is a vague deposition statement by the plaintiff, William Walls, which appears somewhat at variance with his affidavit, with regard to Sergeant Sekscinski's computer check at the accident scene which revealed that "[the police computer] didn't have any such person at the address given." As to the second point, we do not think the evidence cited in the record supports plaintiffs' assertion. In their most recent memo to the Court, plaintiffs themselves deny knowledge that Abdel-Malik was a Delaware resident, saying Mr. Walls "at most had a suspicion that Malik was living in Delaware."

**3.** In its opinion the Superior Court said "[t]he only indication made to plaintiffs that defendant lived in Delaware was an unidentified individual's word that defendant may have moved to Delaware." Insofar as the record discloses, within two years of the accident, the plaintiffs did not have this information, Sergeant Sekscinski did.

**4.** No reason has been given why the plaintiffs did not name defendant Abdel-Malik in the timely suit filed against DiRocco. It would have certainly been an opportune time to thoroughly inquire into the Delaware records.

When a plaintiff is given an out-of-state address by the defendant and, during the applicable statutory limitations period the plaintiff has no reliable information to the contrary, the plaintiff has the available option to treat the defendant as a nonresident. See *Viars v. Surbaugh*, Del.Super., 335 A.2d 285, 287–88 (1975); *Sommers v. Gaston*, Del.Super., 295 A.2d 578, 580 (1972); *Swift v. Leasure*, Del.Super., 285 A.2d 428, 430 (1971). The above cited cases have ruled that a participant in an accident has the duty to give accurate information concerning his residency. And at least until such time the plaintiff discovers or has reason to discover a different address which would provide defendant with the opportunity for notice of the pending action, the plaintiff may rely on the address given by the defendant. *Sommers*, 295 A.2d at 580.

■ We recognize that there is a difference between the misrepresenting defendant being estopped to deny his residence was as represented and requiring a plaintiff to sue a resident based on the nonresident representation. But, where due diligence produces no other address, we are of the view that future plaintiffs should file under the statute based on the information made available to them for that precise purpose, among others. This opinion should constitute notice of that fact. Compare *Hurwitch v. Adams*, Del.Super., 151 A.2d 286 (1959), aff'd Del.Supr., 155 A.2d 591 (1959). Had the General Assembly contemplated this situation, we are satisfied it would have intended this result and intended that "nonresident" in this statutory context be so construed. As a matter of legislative policy, we find the Superior Court was correct and prospectively we adopt its view.

The problem, as we see it, is that no prior Delaware case has dealt particularly with the situation of a resident misrepresenting himself as a nonresident at the scene of an accident, particularly when the misrepresenting defendant is using the statute as a defense. We are therefore hesitant to hold in this case as a matter of law that the plaintiffs were required to sue a resident under a statute dealing with "[a]ny nonresident owner, operator or driver". 10 *Del.C.* § 3112(a). There simply has not been fair notice that the statute so requires. This, of course, represents some unearned benefit to the plaintiffs who, as noted above, did not know Abdel-Malik was a Delaware resident. But, even if the plaintiffs had some vague suspicion of local residency, we cannot say they would not have acted differently with clear notice of a legal requirement.

■ Moreover, any benefit to the plaintiff pales before the actions of the defendant at the scene. The defendant, obviously with knowledge of his own residency, intentionally gave a false address, knowing that it would be relied upon for official accident reporting purposes. In our judgment, the plaintiffs have made their case that the defendant fraudulently concealed his whereabouts on the day of the accident. Furthermore, as discussed above, we do not feel the nonresident motorist statute should be applied to the plaintiffs.

■ But the matter does not end there. As noted above, the defendant lived in Delaware throughout the entire period and obtained a Delaware driver's license on January 10, 1977. Suit was filed on January 17, 1979. The doctrine of fraudulent concealment tolls the applicable statute of limitations until such time as the cause and the opportunity for bringing an action against another could have been discovered by due diligence. See *Dukes v. Collins*, Del.Super., 30 A. 639, 640 (1884). Compare *Giordano v. Czerwinski*, Del.Supr., 216 A.2d 874, 876 (1966); *Bradford v. Travelers Indemnity Co.*, Del.Super., 301 A.2d 519, 525 (1972); *Nardo v. Guido DeAscanis & Sons, Inc.*, Del.Super., 254 A.2d 254, 256 (1969). Therefore, the issue becomes whether defendant's presence in Delaware was open and notorious for two years prior to the filing of the lawsuit.

■ We are not satisfied that the present record permits a summary judgment answer to that question. Two items give us pause. First, the affidavit of plaintiffs' counsel indicates that inquiry was made of the Division of Motor Vehicles in November

of 1978 which inquiry, for some reason unclear in the record, produced negative results. Second, there may be a practical question of defendant's visibility after his move to Delaware. The depositions of the defendant and of the plaintiffs' investigator show the defendant had at least four different residences and at least four different job locations since moving to Delaware. The defendant's deposition further shows the address on his Delaware license was not current. Furthermore, the Superior Court never focused particularly on this aspect of the case in isolation. Upon an examination of the facts of record, it seems to us "desirable to inquire thoroughly into them in order to clarify the application of the law to the circumstances." *Ebersole v. Lowengrub*, Del.Supr., 180 A.2d 467, 470 (1962). We thus preclude summary judgment on the present record.

In short, we are satisfied that on the day of the accident, defendant Abdel-Malik did fraudulently conceal his whereabouts by his intentional misrepresentation on his residency. We are also satisfied that in this case, but not in future cases, plaintiffs are not barred for failing to sue a Delaware resident who misrepresented himself as a nonresident through the provisions of 10 *Del.C.* § 3112. Finally, we think the current record is inadequate to permit a judgment as to whether or not the plaintiffs exercised due diligence after being subjected to the defendant's fraudulent concealment of his whereabouts.

Accordingly, the judgment of the Superior Court is reversed and the case is remanded for further proceedings.