# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM J. WEBB, JR., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. N19C-12-099 MAA |
| | ) | |
| v. | ) | |
| | ) | |
| LAYTON AND ASSOCIATES, and | ) | |
| JONATHON LAYTON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER REGARDING PLAINTIFF'S MOTION FOR EXTENSION OF TIME ON PROCESS OF SERVING COMPLAINT AND MOTION TO COMPEL PROTHONTARY'S OFFICE TO PLACE AN ADVERTISEMENT OF THESE PLEADINS IN THE DELAWARE NEWS JOURNAL AND USA TODAY, AS AN OFFICIAL NOTICE

1.      On September 29, 2020, Plaintiff filed two Motions with the Court: (1) Motion for Extension of Time on Process of Serving Complaint ("Motion for Extension"); and (2) Motion to Compel Prothonotary's Office to Place an Advertisement of these Pleadings in the Delaware News Journal and USA Today as an Official Notice ("Motion to Compel").

2.      The Complaint in this action was docketed on December 13, 2019.  The Court issued two writs in this action on January 8, 2020 and January 14, 2020.

(Transaction IDs 64603557 and 64630290).[1] On January 30, the New Castle County Sheriff attempted to serve Defendant but was unsuccessful. (Transaction ID 64676797).

3.      Plaintiff did little to prosecute his case after the unsuccessful service attempt until the Court issued a "stall" letter to Plaintiff on June 15, 2020. The stall letter requested a status update on or by August 14, 2020. (Transaction ID 65700013). Plaintiff then filed a Motion for Default Judgment on July 28, 2020. (Transaction ID 65804706).

4.      On September 22, 2020, the Court held a status conference with Plaintiff. During the status conference, the Court ordered Plaintiff to file a Motion for Extension of Time for 120 days to complete service. The Court also informed Plaintiff it would not hear his Motion for Default Judgment because the Defendant had not been served.[2]

5.      Given Plaintiff's self-represented status and the difficulties associated with the COVID-19 pandemic, the Court finds good cause exists pursuant to Superior Court Civil Rule 4(f) to extend the time for service upon Defendant. The

---

[1]      The writs are identical and contain the same address for the Defendant. The fact that two writs were issued appears to be a clerical error.

[2]      Although Plaintiff states in his Motion for Extension that "[t]he Clerk has already entered a default judgment," this is not correct. (Motion for Extension at 1).

Court will therefore grant Plaintiff's Motion for Extension. Plaintiff will have an additional 120 days from the date of this order to perfect service upon Defendant.

6. The Court will treat Plaintiff's Motion to Compel as a Motion for Service by Publication. This Court has previously granted a motion for service by publication when a plaintiff has attempted service multiple times on a defendant and after attempting to find a defendant by investigative services. *See*, *e.g.*, *Mullins v. Gordon*, 2020 WL 3030506, at *1 (Del. Super. June 5, 2020) (plaintiff attempted to serve out of state defendant multiple times by service by mail pursuant to 10 *Del. C.* § 3104); *Laster v. Young*, C.A. No. N17C-08-033 (February 26, 2019) (ORDER) (granting motion to effectuate service by publication when plaintiff made multiple attempts at service, including through a private investigator) (Exhibit. A hereto).

7. Here, although the Court issued two writs, only one service attempt was made on Defendant. Based on this fact, it does not appear that Plaintiff has made similar diligent attempts to find an alternative address for Defendant for service of process pursuant to Superior Court Civil Rule 4 and Delaware's long-arm statute, 10 *Del. C.* § 3104(d) (if Defendant resides outside the State of Delaware). Therefore, the Court will deny the Motion to Compel without prejudice. Any further motion for service by alternative means, including by publication, should include the appropriate authority and demonstrate why service could not be made by traditional means and why any such alternative service of process would satisfy due process

3

requirements. *See Taylor v. Griggs*, C.A. No. N19C-08-198 (March 1, 2020) (ORDER) (Ex. B hereto).

**IT IS SO ORDERED.**

/s/ Meghan A. Adams

**Meghan A. Adams, Judge**

Dated: December 10, 2020

# EXHIBIT A

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

LAKEYSHA LASTER and     :
SHAMAR LASTER     :
    :
     Plaintiffs,     :     C.A. No.: N17C-08-033 JAP
    :
    v.     :
    :
SHAWN DEVON YOUNG     :     TRIAL BY JURY
    :     OF TWELVE DEMANDED
     Defendant.     :

## MOTION TO EFFECTUATE SERVICE BY PUBLICATION

**COMES NOW,** the Plaintiff, Lakeysha Laster, by and through undersigned counsel, Brian E. Lutness, Esquire, who moves this Honorable Court for an Order permitting service of process upon the Defendant, Shawn Devon Young by publication. In support of said Motion the Plaintiff states as follows:

1.      This case involves a motor vehicle collision that occurred on September 07, 2016 in which Plaintiff alleges Defendant was negligent and caused her physical injuries.

2.      On August 30, 2017, the initial writ was returned Non-Est as to Defendant. (Exhibit A)

3.      Counsel obtained an alternate address for Defendant at 3502 Christiana Meadows, Bear, Delaware, 19701.

4.      On September 13, 2017 Plaintiff's filed an Alias Praecipe and Alias

Summons.

5. On October 5, 2017, the writ was returned Non-Est as to Defendant. (Exhibit B)

6. Plaintiff's counsel conducted additional research and obtained an alternate address for Defendant at 104 Duke Street, Cary, North Carolina, 27511.

7. On March 13, 2018 Plaintiff's filed a First Pluries Praecipe and First Pluries Summons.

8. Plaintiff attempted to effectuate service via long arm on March 15, 2018 by sending the complaint and service documents through certified mail and first class mail. (Exhibit C)

9. The complaint documents sent via long arm service were returned on March 26, 2018 stating "not deliverable as addressed." (Exhibit D)

10. Long arm service via Certified and Non-Certified mail was attempted again on April 9, 2018. (Exhibit E)

11. The Complaint documents sent via Certified Mail was returned on June 11, 2018 stating "insufficient address." (Exhibit F)

12. On August 27, 2018, Your Honor sent a letter requesting a status update on the matter. (Exhibit G).

13. The case for Shamar Laster settled. For some reason due to an adminstrative mix up our office closed both files on this case. This caused the

reminder to respond to your Honor's status letter not to appear on my calendar. For this reason the status letter was not filed.

14. In an effort to locate the Defendant, Plaintiff has retained the services of private investigators. Unfortunately the investigators were unable to confirm the address of the Defendant.

15. Upon information and belief, the address the defendant provided to the Delaware Division of Motor Vehicles is an address that we have attempted to effectuate service at previously and has been determined to be his ex-girlfriends residence located at 812 E. 27th Street, Wilmington, DE 19802.

16. The Defendant is required to keep his address current since he was involved in a motor vehicle accident. It is well established in Delaware that a person involved in an accident must furnish the authorities a proper address due to the apparent possibility of future litigation.[1]

17. At this juncture, service by publication is the most efficient and cost effective way to complete service on the Defendant.

18. 10 Del. C. § 3104 (i) confirms that a party is not limited in its method of service. It is believed, based on the current information that the Defendant currently resides in Delaware.

19. Plaintiff proposes, subject to Court approval, filing the attached

---

[1] *Allen v. Reddish*, 2006 Del. Super. LEXIS 255 (Citing *Swift, v. Leasure*, 285 A.2d 428 (Del. Super. 1971). Unreported Decision Attached hereto as Exhibit A).

Notice by publication in the The News Journal, in Wilmington,

Delaware, the location believed to be the residence of the Defendant.

20.     Plaintiff proposes to undertake the publication of the proposed Notice

on a weekly basis, for three consecutive weeks in the Legal Notices Section of The

News Journal.

21.     Plaintiff further proposes that subsequent to the completion of the

publication that an affidavit confirming same be filed with the Court.

**WHEREFORE,** Plaintiffs respectfully requests that this Court grant

authority to effectuate service on Defendant, Shawn Devon Young, by publication.

**SILVERMAN McDONALD & FRIEDMAN**

/s/ ***Brian E. Lutness, Esquire***
BRIAN E. LUTNESS, ESQ.
DE Bar ID No.: 3572
1010 North Bancroft Parkway
Suite 22
Wilmington, DE 19899
(302) 888-2900
*Attorney for Plaintiff*

Dated: February 6, 2019

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LAKEYSHA LASTER and      :
SHAMAR LASTER      :
     :
       Plaintiffs,      :      C.A. No.: N17C-08-033 JAP
     :
       v.      :
     :
SHAWN DEVON YOUNG      :      TRIAL BY JURY
     :      OF TWELVE DEMANDED
       Defendant.      :

## ORDER

**IT IS HEREBY ORDERED**, this ___26___ day of ___February___

2019, that *Plaintiff's Motion to Effectuate Service by Publication* is

**GRANTED**.

1.     Said publication shall be in the Legal Notices section of the Delaware News Journal <u>one time per week</u>, for <u>three weeks;</u>

2.     Within 30 days of this order, Plaintiff shall cause a copy of the following notice to be published:

> IN THE SUPERIOR COURT OF DELAWARE
> C.A. No.: N17C-08-033 JAP

TO: Shawn Devon Young ( DOB 3/23/74) Defendant.

Plaintiff Lakeysha Laster has filed a Legal Action against you for damages and/or injuries resulting from a Motor Vehicle collision on 9/07/2016. The Complaint was filed on 8/3/2017. You have 20 days from the publication of this notice, exclusive of the date of publication, to file an Answer to the Complaint. If you fail to take any action, Plaintiff may seek a default judgment against you.

This publication constitutes service as directed by the Superior Court of the State of Delaware and 10 Del C 3104(d)(4), 10 Del C 3104(I) and 10 Del C 3113

Brian E. Lutness, Esquire
Silverman McDonald & Friedman
1010 N. Bancroft Parkway, Suite 22
302-888-2900
Attorney for Plaintiff

3. Plaintiff shall file affidavits confirming the publication was made as directed by this court within 14 days after the last publication notice.

**SO ORDERED THIS** _____26_____ DAY OF ___F̲e̲b̲___ , 2019.

_____
J.

FILED
NCC PROTHONOTARY
H
2019 FEB 26 P 3: 56

# EXHIBIT B

**EFiled: Feb 14 2020 03:41PM EST**
**Transaction ID 64729283**
**Case No. N19C-08-198 EMD**

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TEZENIA TAYLOR,                          )
                                         )
                Plaintiff,               )          C.A. No.: N19C-08-198 EMD
                                         )
        v.                               )
                                         )
EDDIE GRIGGS and,                        )
IRENE GRIGGS                             )          JURY TRIAL DEMANDED
                Defendants.              )

### PLAINTIFF'S MOTION FOR SECOND ENLARGEMENT OF TIME FOR SERVICE AND PLAINTIFF'S MOTION FOR AUTHORITY TO EFFECTUATE SERVICE BY PUBLICATION OR, IN THE ALTERNATIVE, BY CERTIFIED MAIL AND POSTING

Plaintiff, by and through the undersigned counsel, hereby requests an Order allowing her an additional ninety (90) days to accomplish service on Defendants, Eddie Griggs ("Mr. Griggs") and Irene Griggs ("Ms. Griggs"). Plaintiff also requests an Order granting authority to effectuate service on Defendants, Mr. Griggs and Ms. Griggs, by publication in a local newspaper, or, in the alternative, an Order granting authority to effectuate service on Defendants by Posting and Via the Longarm Statute, as Defendants' current whereabouts are unknown, and in support thereof states the following:

1. This case involves personal injuries sustained as a result of negligence arising from a motor vehicle collision that occurred on October 6, 2017.

2. According to Superior Court Rule 4(j), service must be accomplished within 120 days of the filing of the Complaint.

3. The Complaint was filed on August 20, 2019 and the applicable time period for service was set to expire on December 20, 2019.

4. Plaintiff filed a first Motion for Enlargement of Time for Service on October 22, 2019, which was granted on November 13, 2019.

5. After the first extension was granted, the new applicable time period for service is set to expire on March 21, 2020.

6. Beginning on September 12, 2019, the New Castle County Sheriff attempted service on Mr. Griggs on four different dates at the address indicated in the Complaint and associated police report, 503 Shearman Street Wilmington, Delaware 19801. There was never any answer at the door, and the allotted service time ran. The Sheriff returned service non-est inventus on September 17, 2019. (Attached hereto as "Exhibit A")

7. Service on Ms. Griggs was attempted by the New Castle County Sheriff on September 11, 2019 at the address indicated in the Complaint and associated police report, 527 West 7th Street, Wilmington, Delaware 19801. After being informed that the unit was vacant, the Sheriff returned service non-est inventus on September 12, 2019. (Attached hereto as "Exhibit B")

8. Plaintiff hired O'Rourke Investigative Services to locate both Defendants on September 19, 2019. After a full report, one new address was found for Mr. and Ms. Griggs (who are believed to be brother and sister).

9. Plaintiff filed an Alias Praecipe and Alias Summons with the new address located at 320 East 5th Street, Apartment 411, Wilmington, DE 19801 on November 21, 2019.

10. Service on Mr. Griggs and Ms. Griggs was attempted by the New Castle County Sheriff on three dates. On December 13, 2019, the Sheriff was informed that the Defendants' parents resided at the address; they refused to accept service on behalf of their children, Mr. Griggs and Ms. Griggs. The Sheriff returned service non-est inventus on December 16, 2019. (Attached hereto as "Exhibit C")

11. On January 14, 2020, Plaintiff issued subpoenas to the insurance carrier for both Mr. Griggs and Ms. Griggs, requesting proof of address. The subpoenas were served on the Insurance Commissioner on January 15, 2020.

12. On or about January 28, 2020, the insurance carrier for Ms. Griggs provided an address of 527 W. 7th Street, Wilmington, Delaware 19801—the original address we attempted service on Ms. Griggs.

13. On or about February 11, 2020, the insurance carrier for Mr. Griggs, via telephone call, provided an address of 503 Shearman Street, Wilmington, Delaware 19801—the original address we attempted service on Mr. Griggs.

14. As of the date of this motion, undersigned counsel and Sheriff of New Castle County have not been able to locate either Defendant, Mr. Griggs or

Ms. Griggs.

15. There was no delay in Plaintiff's attempts to effectuate service on Defendants, Mr. Griggs and Ms. Griggs.

16. Undersigned counsel is requesting an extension of time to serve Defendants, Mr. Griggs and Ms. Griggs.

17. Plaintiff would like to move this matter in the most efficient and cost-effective way to complete service on Mr. Griggs and Ms. Griggs.

18. Although it pertains to acts of non-residents, 10 Del. C. § 3104 (i) confirms that a party is not limited in its method of service. Mr. Griggs and/or Ms. Griggs could be living outside of Delaware. Therefore, Plaintiff respectfully requests that the Court authorize service upon Defendants by publication in a local newspaper.

19. In the alternative, Plaintiff respectfully requests that the Court authorize service upon Defendants by certified mail return receipt requested, regular U.S. Mail with a certificate of service (e.g. 25 *Del.C.* §5113(b) & (c)), and posting a copy of the Complaint and Summons on Defendant's last know and legal premises at 503 Sherman Street, Wilmington, Delaware 19801 (Mr. Griggs) and 527 West 7th Street, Wilmington, Delaware 19801 (Ms. Griggs), pursuant to 10 *Del.C.* §3104(d)(3 & 4), (g) and (h).

**WHEREFORE,** Plaintiff respectfully requests that this Court enter an Order allowed an extension of time in which to effectuate service.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter an Order granting authority to effectuate service on Defendants, Irene Griggs and Eddie Griggs, by publication in a local newspaper or, in the alternative, by certified mail and posting.

ROEBERG, MOORE & FRIEDMAN, P.A.

*/s/ Katherine Barksdale*
**KATHERINE BARKSDALE**
I.D. # 6101
Dated: February 14, 2020      910 Gilpin Avenue
Wilmington, DE 19806
(302) 658-8700
ATTORNEY FOR PLAINTIFF



EFiled: Mar 01 2020 11:56AM EST
Transaction ID 64775759
Case No. N19C-08-198 EMD

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| TEZENIA TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: N19C-08-198 EMD |
| | ) | |
| v. | ) | |
| | ) | |
| EDDIE GRIGGS and, | ) | |
| IRENE GRIGGS | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## <u>ORDER</u>

The foregoing having come before this Court upon the Plaintiff's Motion for Enlargement of Time for Service and Motion for Authority to Effectuate Service by Publication, or, in the alternative, By Certified Mail and Posting and the same having been considered, Plaintiff's Motion is hereby GRANTED.  Plaintiff shall have an additional ninety (90) days or until June 19, 2020 to effectuate service on Defendants.

**IT IS SO ORDERED** this _____ day of _____, 2020.

_____
JUDGE ERIC M. DAVIS

This document constitutes a ruling of the court and should be treated as such.

**Court Authorizer**
**Comments:**

The Court will provide the Plaintiff with an additional ninety (90) days or until June 19, 2020 to effectuate service. The Court will not allow service by publication of service in a local newspaper as there is no factual grounds to demonstrate that this would satisfy due process requirements. The Court WILL allow service of process on Defendants by certified mail return receipt requested, regular U.S. Mail with a certificate of service and a posting a copy of the Complaint and Summons on Defendants' last known addresses of (i) 503 Sherman Street, Wilmington, DE 19801 and (ii) 527 West 7th Street, Wilmington, DE 19801. The Court finds that cause exists to use alternative service of process as the Motion indicates numerous good faith efforts by Plaintiff to serve process and evidence of evasion of service by Defendants.